**Virge Lee BIRDNOW, Petitioner–Respondent,**

v.

**DIRECTOR OF REVENUE, State of Missouri, Respondent–Appellant.**

No. 55083.

Missouri Court of Appeals, Eastern District, Division Five.

April 4, 1989.

Jatha B. Sadowski, Jefferson City, for respondent-appellant.

James Dailey Wahl, St. Louis, for petitioner-respondent.

PUDLOWSKI, Chief Judge.

Appellant, Director of Revenue, State of Missouri, appeals the circuit court's order reinstating the driving privileges of respondent, Virge Lee Birdnow, suspended pursuant to § 302.535.1 RSMo.

On November 23, 1987, respondent was arrested on charges of failure to yield to an emergency vehicle and driving while intoxicated. Police Officer Ronald Martin administered a breath analysis test. The test assessed respondent's blood alcohol content (BAC) at .16 percent. Respondent's driving privileges were revoked pursuant to Missouri's Administrative D.W.I. Law § 302.500–302.540 RSMo (1986), his BAC being greater than .13 percent by weight. An administrative hearing on the matter sustained the revocation. Respondent petitioned for review of the revocation in the Circuit Court of Jefferson County. The circuit court found in favor of the respondent and reinstated his driving privileges based on the finding that the breath test's ampoules' manufacturer was not approved under Department of Health regulations. From this judgment the Director of Revenue appeals. We reverse and remand.

A proper foundation for breath analysis test results requires that the Director of Revenue establish that the test was performed (1) according to techniques and methods approved by the division of health, (2) by persons possessing a valid permit, and (3) using equipment and devices approved by the division. *Jannet v. King*, 687 S.W.2d 252, 254 (Mo.App.1985). Officer Martin testified that the breath analyzer's manufacturer was Smith & Wesson. The test report listed National Draeger Incorporated as the ampoules manufacturer. At the close of the case, the respondent's attorney argued that the test report was

not in compliance with Department of Health regulations. The court agreed, finding that "the test report record[ed] a manufacturer ... not on the approved list of ampuls (sic)."

The copy of the compliance list before the court incorrectly showed National Draeger Incorporated was not an approved manufacturer of chemical reagents and standards. The copy did however list Smith & Wesson as an approved ampoules manufacturer.

Appellant's counsel then argued that Smith & Wesson is a general name and that National Draeger Incorporated is a division of Smith & Wesson. The court determined that the attorney's offer was hearsay and not evidence and granted judgment in favor of the respondent because National Draeger Incorporated was not listed.

The relevant regulation in effect on the date of arrest and the date of trial lists National Draeger Incorporated as an approved manufacturer. 19 CSR 20–30.50. Respondent argues that because appellant placed the outdated regulation before the trial court, appellant invited error. Respondent contends that appellant cannot now be heard to complain of an alleged error in which appellant joined or acquiesced at trial. We disagree.

The trial court took judicial notice of 19 CSR 20–30.010 to 20–30.060. The effective regulation need not be in evidence. *State v. Clowell,* 560 S.W.2d 889, 897 (Mo.App. 1978). A trial court may take judicial notice of a rule or regulation without proof of the contents of the Code of State Regulations. Section 536.031 RSMo (1988). When a court judicially notices a regulation, it admits the relevant regulation in effect on the date in question. On all dates relevant to this proceeding, the Department of Health's regulation listed National Draeger Incorporated as an approved manufacturer of ampoules. 19 CSR 20–30.50. When the trial court took judicial notice of 19 CSR 20–30.50, the regulation authorizing National Draeger was before the court. The finding of the trial court was in error.

The court should have ruled for the appellant.

The trial court's judgment is reversed and remanded.

CARL R. GAERTNER and CRANDALL, JJ., concur.