**Kelly Joseph REINERT, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 77223.**

Supreme Court of Missouri,
En Banc.

Feb. 21, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

David J. Ferman, Clayton, for respondent.

COVINGTON, Chief Justice.

The Director of Revenue appealed the judgment of the trial court reinstating the driving privileges of Kelly Joseph Reinert. The Missouri Court of Appeals, Eastern District, affirmed, then ordered transfer to this Court. Reversed and remanded.

Reinert was arrested for driving while intoxicated. The director suspended Reinert's driving privileges pursuant to § 302.505.1, RSMo Supp.1992, which provides that the Department shall suspend the license of any person upon a determination that the person was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was ten-hundredths of one percent or more by weight. Reinert petitioned for administrative review of the director's decision pursuant to § 302.530.1, RSMo1986. The issue at the hearing was whether by a preponderance of the evidence Reinert was driving a vehicle under the circumstances set out in § 302.505, RSMo Supp.1992. After relief was denied in the administrative proceeding, Reinert sought trial de novo in the circuit court pursuant to § 302.535.1, RSMo1986.

Trial was set for July 29, 1993. On July 22, 1993, the director mailed to Reinert the maintenance report for the breath analysis machine the arresting officer used to determine Reinert's blood alcohol content. Included with the report was an affidavit from the custodian of the report attesting that it was a business record. Reinert's counsel received the report and the affidavit on or before July 27, 1993.

On the day of trial, but before the proceedings began, Reinert moved to exclude the maintenance report, claiming that he had not received timely notice that the director intended to introduce it at trial. The court sustained the motion.

The trial commenced. The arresting officer testified that he pulled Reinert over for driving erratically. The officer testified that he arrested Reinert for driving while intoxicated after Reinert failed three field sobriety tests. The officer took Reinert to a police station where he submitted to a breath alcohol test. The officer testified, without objection, that the test indicated that Reinert had a blood alcohol level of .211 percent. The director moved to admit into evidence the printout from the breath analysis machine reflecting Reinert's blood alcohol level. The

court admitted the printout without objection.

When the director sought to admit the maintenance report, Reinert objected. The court reserved ruling on the objection to allow the parties to file briefs on the issue. In an order dated August 26, 1993, the court stated: "THE COURT, having reviewed the arguments and briefs of counsel ... sustains Petitioner's objections to the admission of the Intoxilyzer Maintenance Report and accompanying Affidavit and rules in favor of Petitioner in this trial de novo." The trial court ordered Reinert's driving privileges reinstated.

■ The director argues that she complied with § 490.692, RSMo. Supp.1992; therefore, the trial court erred in sustaining Reinert's objection to the admission of the maintenance report. Section 490.692 provides that a party may lay the foundation for the admission of business records by the affidavit, rather than the live testimony, of the custodian of the records, so long as all other parties to the action have been served with copies of the records and affidavit at least seven days prior to the day upon which trial of the cause commences. The director argues that serving the report and affidavit by mail on July 22 satisfied the requirements of § 490.692.

■ Whether the records and affidavit were timely served is irrelevant. Admission of the maintenance report was unnecessary in this case. Although one of the foundational prerequisites for the admission of the results of a breath alcohol test is proof that the machine has been properly maintained, the foundational prerequisites are unnecessary where the test result is admitted in evidence without objection. *Sellenriek v. Director of Revenue*, 826 S.W.2d 338, 340–41 (Mo. banc 1992). When evidence of one of the issues in the case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection. *Id.* at 339. In the present case, the evidence of Reinert's blood alcohol content was admitted without objection. The trial court, therefore, should have considered the evidence.

■ Reinert argues that even if the evidence of his blood alcohol content was erroneously excluded, the judgment of the trial court must be affirmed because this Court must assume that all fact issues upon which no specific findings were made were found in accordance with the result reached. *See* Rule 73.01(a)(3); *Dudenhoeffer v. Director of Revenue*, 780 S.W.2d 701, 702 (Mo.App.1989). The director had the burden of proof at trial. *Sellenriek*, 826 S.W.2d at 339. Reinert argues that the trial court might have disbelieved the testimony of the officer; thus it might have found that the director failed to bring sufficient evidence that the officer had probable cause to arrest Reinert or that Reinert was indeed the driver arrested.

Reinert's argument must fail. The arresting officer was unequivocal in identifying Reinert as the driver. The officer testified that Reinert drove erratically, smelled of alcohol, and failed three field sobriety tests. The officer was the sole witness at trial. Reinert introduced no evidence. Because the record does not support findings that Reinert was not the driver or that the officer lacked probable cause for the arrest, the judgment cannot be affirmed on this basis.

The judgment of the trial court is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.