**William Ralph GORDON,
Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 66175.

Missouri Court of Appeals,
Eastern District,
Division One.

April 25, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Leland C. Smith, II, St. Charles, for respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial *de novo*. We reverse and remand.

Pursuant to the procedures set forth in §§ 302.500–302.540 (RSMo 1994),[1] the Director suspended petitioner's driving privileges following its determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was 0.10% or more. *See* § 302.505.1. Subsequently, the Director sustained the suspension on administrative appeal. Petitioner thereupon petitioned for trial *de novo* with the circuit court as permitted by § 302.535, and the *de novo* court reversed the order of suspension.

---

1. All further statutory citations are RSMo 1994 unless otherwise indicated.

At the trial *de novo*, the Director called two witnesses, both Deputy Sheriffs with the St. Charles County Sheriff's Department. Deputy Sheriff John Hollingsworth testified as to the events surrounding petitioner's arrest. He testified that on the night of August 21, 1993, the St. Charles County Sheriff's Department set up a DWI checkpoint on South Main Street in St. Charles, Missouri. His duties were to investigate vehicles assigned to him by the supervisor of the checkpoint for intoxicated operators. Hollingsworth was unable to testify as to the method used to choose which vehicles were stopped at the checkpoint. Rather, his knowledge of the purpose, design and methods of the checkpoint was limited to his own specific duties.

At approximately 1:45 a.m., petitioner's vehicle was stopped at the checkpoint, and Hollingsworth was assigned to his vehicle. Hollingsworth stated that when petitioner rolled down his window a strong smell of alcoholic beverage emanated from the vehicle. He said that petitioner's eyes were watery and bloodshot. When asked to produce a driver's license, petitioner took an "extended period" looking for it in his wallet. Hollingsworth asked petitioner to get out of the car. He noticed that petitioner had an unsteady gait, swayed and used the car for support. Petitioner submitted to three field sobriety tests and executed them in an unsatisfactory manner. Officer Hollingsworth concluded that petitioner had "a large amount of impairment" and placed him under arrest.

Deputy Sheriff Christopher Mateja testified that he conducted a breathalyzer test on petitioner at 2:27 a.m. the morning of his arrest. The test result revealed petitioner had a blood alcohol content of 0.204%

Petitioner presented no evidence but moved for a directed verdict. Petitioner argued that in absence of evidence describing the method used in selecting cars stopped at the checkpoint, the Director had failed to lay a foundation that the police had probable cause to stop and arrest petitioner. The court granted the parties one week to submit case law regarding the issue raised in petitioner's motion. The court initially sustained the Director's revocation, but, following petitioner's motion for reconsideration, the court found for petitioner stating: "The Court finds insufficient evidence of probable cause to stop Petitioner in view of the lack of testimony about any plan or procedures governing the sobriety checkpoint at which petitioner was stopped."

■ Appellate review of this case is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decision of the trial court will be affirmed unless: (1) it is unsupported by substantial evidence; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Id.* at 32. Furthermore, we review the evidence and reasonable inferences drawn from the evidence in the light most favorable to the verdict. *Miller v. Director of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986).

On appeal, the Director argues that she was under no obligation to demonstrate the legality of or probable cause for the initial stop of petitioner. We agree.

■ The Supreme Court of Missouri has interpreted § 302.505.1, RSMo Supp.1992, as requiring a two-part showing by the Director before a suspension or revocation may be instituted: (1) the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) the driver had been driving at a time when his blood alcohol concentration exceeded the legal limit. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). The issue in this case is whether the Director's failure to establish legality of or probable cause for petitioner's stop prevents the Director from demonstrating probable cause for petitioner's arrest based on observations made subsequent to the stop.

Petitioner has cited several cases discussing the constitutionality of roadside checkpoints under the search and seizure provisions of United States and Missouri constitutions. *See, e.g., State v. Welch*, 755 S.W.2d 624 (Mo.App.1988); *State v. Payne*, 759 S.W.2d 252 (Mo.App.1988). These cases instruct that roadside checkpoints must be conducted according to methods and procedures that ensure it will not infringe upon the

public's right to be safe from unreasonable search and seizure. A stop at a checkpoint not shown to provide constitutional assurances may itself be found to be an unconstitutional infringement of the driver's right to be safe from unreasonable searches and seizures. If the stop is determined to be unconstitutional, then all evidence that was the "fruit" of this stop may be subject to the exclusionary rule. *See, e.g., State v. Miller,* 894 S.W.2d 649 (Mo. banc 1995). Petitioner argues that the failure of the Director to lay a foundation that the checkpoint was constitutional renders petitioner's stop illegal; therefore, the police observations following his stop was the "fruit" of an illegal stop that the court properly excluded.

■ Petitioner's argument fails to consider that the Supreme Court of Missouri has held that the exclusionary rule applies only to criminal proceedings and does not extend to exclude evidence in civil cases. *In re Littleton,* 719 S.W.2d 772, 775 at n. 2 (Mo. banc 1986). This rule has been repeatedly applied to civil revocation proceedings brought by the Director. *See, e.g., Sullins v. Director of Revenue,* 893 S.W.2d 848 (Mo. App.S.D.1995); *Barish v. Director of Revenue,* 872 S.W.2d 167, 172 (Mo.App.W.D.1994); *Kimber v. Director of Revenue,* 817 S.W.2d 627, 631 (Mo.App.1991); *Sulls v. Director of Revenue,* 819 S.W.2d 782, 783–84 (Mo.App. 1991); *James v. Director of Revenue,* 767 S.W.2d 604, 612 (Mo.App.1989); *Green v. Director of Revenue,* 745 S.W.2d 818, 820–21 (Mo.App.1988). Although jurisdictions differ on the applicability of the exclusionary rule in civil revocation proceedings, *see Admissibility, in Motor Vehicle License Suspension Proceedings, of Evidence Obtained by Unlawful Search and Seizure,* 23 A.L.R.5th 108 (1994), it is clear the exclusionary rule is inapplicable to civil revocation proceedings in Missouri.

■ Additionally, the revocation procedures of §§ 302.500–302.540 do not require the Director to show the stop was lawful or based on probable cause. In *Graham v. Director of Revenue,* 793 S.W.2d 577 (Mo. App.1990), the Southern District construed § 303.024.5 (which authorizes the Director to suspend the license of a driver who fails to produce an insurance identification card upon request by a peace officer) as requiring the Director to show the stop was lawful before she may suspend pursuant to this section. *Id.* at 579. The court noted that the language of that statute included a showing of a lawful stop: "The operator of an insured motor vehicle shall exhibit the insurance identification card on the demand of any peace officer *who lawfully stops* such operator. . . ." (Emphasis added). § 303.024.5. Sections 302.500–302.540 contain no such similar mandate. In fact, these revocation procedures once specifically required the Director to show probable cause for a stop in a revocation stemming from a checkpoint arrest:

> No arrest for alcohol related offenses shall be the basis for suspension or revocation of a driver's license under this section where the arrest was made at a checkpoint or roadblock and there was not probable cause to make the arrest prior to the stopping of the vehicle.

§ 302.510.4, RSMo 1986; *see, also, Wallace v. Director of Revenue,* 754 S.W.2d 900, 902 (Mo.App.1988). However, the legislature removed this burden on the Director by deleting this subsection in 1992. The Director does not have a burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend operating privileges pursuant to § 302.500–302.540.

■ Thus, even if the stop of petitioner was illegal or not based on probable cause, the Director is permitted to revoke the license of a driver upon showing the two requirements contained in § 302.505.1. The alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding.

■ The circuit court held that the probable cause requirement of § 302.505.1 was not established because the Director had failed to produce evidence regarding the methods and procedures by which the checkpoint was conducted. Under this requirement, the Director has the burden of showing that petitioner was arrested upon probable cause he was operating his motor vehicle while intoxi-

cated. Hollingsworth's testimony contained a litany of observations indicating petitioner was operating his car while in an intoxicated condition. The circumstances of the stop do not detract from this evidence.

We therefore reverse the court's order reinstating petitioner's driving privileges and remand the cause with instruction that the court sustain the Director's revocation. *See, Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995).

Reversed and remanded.

GARY M. GAERTNER and CRAHAN, JJ., concur.