John F. COVINGTON, Jr.,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE of
Missouri, Respondent/Appellant.

No. 67183.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 8, 1995.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Timothy F. Devereux, Clayton, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court's order reinstating petitioner's driving privileges. We reverse and remand.

Pursuant to the procedures set forth in §§ 302.500–302.540 (RSMo 1994),[1] the Director suspended petitioner's driving privileges following her determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood (BAC) was 0.10% or more. *See* § 302.505.1. Subsequently, the Director sustained the suspension on administrative appeal. Petitioner thereupon petitioned for trial *de novo* with the circuit court as permitted by § 302.535, and the *de novo* court reversed the order of suspension.

At the trial *de novo,* the Director's evidence was primarily presented through the testimony of two Bel–Ridge police officers.

Officer Taschner testified that on December 5, 1993, at approximately 2:00 a.m. he observed petitioner (while driving on Interstate I–170) make an un-signalled lane change and measured his rate of speed at 89 m.p.h. in a 55 m.p.h. speed zone. He pulled petitioner over. Officer Taschner testified that petitioner smelled strongly of alcohol, his speech was slurred and he had glassy, watery eyes. Following a series of field sobriety tests, Officer Taschner arrested petitioner for driving while intoxicated.[2]

Officer Stock testified that he administered a BAC test on the petitioner using a Breathalyzer 900A. Officer Stock was asked to give the results of petitioner's breathalyzer test, but petitioner's objection as to foundation was sustained. Subsequently, the maintenance report on the Breathalyzer 900A as well as the operational checklist (Exhibits B & C) were offered and admitted into evidence without objection. A second inquiry to Officer Stock about petitioner's test result was asked without objection. Officer Stock stated petitioner tested at a .20% BAC.

Petitioner presented no evidence. The trial court found petitioner was arrested upon probable cause to believe he was driving while intoxicated. However, the court did not find petitioner's BAC equalled or exceeded .10% while he was driving. The court reinstated petitioner's driving privileges.

■ Our review is controlled by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). *Cain v. Director of Revenue,* 896 S.W.2d 724, 726 (Mo.App.E.D.1995). We must affirm the decision of the trial court unless: (1) it is unsupported by substantial evidence; (2) it is against the weight of the evidence; or (3) it erroneously declares or applies the law. *Murphy,* 536 S.W.2d at 32.

■ A suspension of driving privileges pursuant to § 302.505.1 requires a two-part

---

1. All further statutory citations are RSMo 1994 unless otherwise indicated.

2. Petitioner pointed out several instances from Officer Taschner's testimony where he was either equivocal or where he contradicted the information contained in his police report. However, Officer Taschner's testimony concerned the circumstances of petitioner's arrest. Petitioner asserted no claim of error concerning the trial court's determination that petitioner was arrested upon probable cause to believe he was driving while intoxicated. Any discrediting of Officer Taschner would not be probative of the challenged issue of petitioner's BAC.

showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) that the driver had been driving at a time when his or her blood alcohol concentration was at least 0.10% by weight. *Cain,* 896 S.W.2d at 726. At a trial *de novo,* the burden of proof by a preponderance of the evidence is statutorily placed upon the Director. § 302.535.1; *Thomas v. Director of Revenue,* 875 S.W.2d 582, 583 (Mo.App. W.D.1994); *Cain,* 896 S.W.2d at 726. The sole issue in this case concerns whether the Director met her burden of proof as to the second required showing.

The Director argues that the court erred in ruling petitioner's BAC was not .10% or more because the results were admissible and properly before the court in that petitioner failed to make a proper and timely objection.

■ Petitioner's point relied on in response reads:

The trial court did not err in ruling in favor of [petitioner] and against appellant Director. The trial court granted [the Director's] motions for introduction into evidence of Exhibits B and C. The trial court therefore properly considered those exhibits and did not bar the admission of any exhibit through any objection by [petitioner].[3] The court found that while the [Director] made a *prima facie* case, [the Director] did not carry its burden by a preponderance of the evidence and therefore ruled in favor of [petitioner]. [The Director] did not request findings of fact and conclusions of law. Given that, the trial court's judgment is supported by a reasonable theory supported by the evidence. The court, in ruling in favor of [petitioner], assessed the credibility of the witnesses

presented by [the Director]. The trial court could have found, based on the credibility of the witnesses, [this issue in favor of petitioner].

This very argument was unsuccessfully raised in the recent Supreme Court decision of *Reinert v. Director of Revenue,* 894 S.W.2d 162 (Mo. banc 1995):

Reinert argues that ... the judgment of the trial court must be affirmed because this Court must assume that all fact issues upon which no specific findings were made were found in accordance with the result reached. *See* Rule 73.01(a)(3); *Dudenhoeffer v. Director of Revenue,* 780 S.W.2d 701, 702 (Mo.App.1989). The director had the burden of proof at trial. [citation omitted]. Reinert argues that the trial court might have disbelieved the testimony of the officer; thus it might have found that the director failed to bring sufficient evidence that the officer had probable cause to arrest Reinert or that Reinert was indeed the driver arrested.

Reinert's argument must fail. The arresting officer was unequivocal in identifying Reinert as the driver. The officer testified that Reinert drove erratically, smelled of alcohol, and failed three field sobriety tests. The officer was the sole witness at trial. Reinert introduced no evidence. Because the record does not support findings that Reinert was not the driver or that the officer lacked probable cause for the arrest, the judgment cannot be affirmed on this basis.

*Id.* at 164. As in *Reinert,* the judgment of the trial court cannot be affirmed based on the credibility of the Director's witnesses because the record does not support the finding that petitioner's BAC was less than .10%. The judgment of the trial court is reversed

---

**3.** Petitioner further elaborates in the argument portion of his brief: "Any timeliness or waiver issues are not relevant in that those exhibits were admitted into evidence and properly considered by the trial court." During oral arguments, however, petitioner argued that he made a timely, proper objection to the test results and those results should not have been considered by the court. According to petitioner, the test result should not have been admitted because the Director failed to establish the three prong foundation of the results. *See Diehl v. Director of Reve-*

*nue,* 836 S.W.2d 94, 96 (Mo.App.E.D.1992). We have reviewed the transcript and have found petitioner failed to object to the admission of the test result after the foundational documents were admitted into evidence. The results were admitted without objection. The requirement of proof of compliance with the regulations only becomes an issue if a proper, timely objection is made to the admission of the BAC analysis. *Id.* at 96. The foundational prerequisite was unnecessary. *See Sellenriek v. Director of Revenue,* 826 S.W.2d 338, 341 (Mo. banc 1992).

and the cause remanded for the trial court to enter a judgment reinstating petitioner's suspension.

Judgment reversed and remanded.

KAROHL and RHODES, JJ., concur.