Kimberly D. HUMES, Appellant,

v.

**DIRECTOR, MISSOURI DEPARTMENT OF REVENUE, Respondent.**

No. 66673.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 17, 1995.

J. Martin Hadican, Mary Elizabeth Ott, Law Offices of J. Martin Hadican, Clayton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

KAROHL, Judge.

Kimberly Diane Humes appeals a judgment affirming the Director of Revenue's (hereinafter Director) decision to suspend her Missouri driving privileges after a trial *de novo*. She argues the following points on appeal: (1) the officers lacked probable cause to arrest her for driving while intoxicated; (2) the Director failed to demonstrate she was intoxicated and operated a motor vehicle; and, (3) the trial court erred in admitting a maintenance report for the breathalyzer machine since the Director failed to produce the same report in response to a discovery request. We affirm.

Pursuant to the procedures set forth in §§ 302.500–302.540 RSMo 1994, the Director suspended Humes's driving privileges. He determined she was stopped upon probable cause to believe she was driving a motor vehicle with a blood alcohol content of at least .10. *See* § 302.505.1 RSMo 1994. Subsequently, the Director sustained the suspension after an administrative appeal. Humes then petitioned for trial *de novo* with the circuit court pursuant to § 302.535 RSMo 1994. The court affirmed the order for suspension.

At the trial *de novo*, the Director called three Chesterfield police officers—Captain Paul Dillender, Sergeant Christopher Connelly, and Officer Kim Beckman. Captain Dillender testified that on the night of November 23, 1993, he was working, off duty, as a Security Guard as the K.C. Masterpiece restaurant in Chesterfield, Missouri. Around 10:00 p.m., while standing at the front door of the restaurant, he observed a late model Jeep Cherokee pull into the parking lot and park diagonally across two handicapped parking spots and on the ramp provided for handicap wheelchair access. He saw a woman exit the Jeep from the passenger door, "staggering" towards him. She asked him what city she was in and the day of the week. She failed to wait for an answer and instead entered the restaurant's bar. Captain Dillender detected a strong odor of alcohol on her breath. He also noticed her entire vehicle was "wrecked." He immediately called the Chesterfield police department and advised them to send an officer.

Sergeant Connelly responded to the call and arrived at the scene minutes later. Captain Dillender pointed out the Jeep to the sergeant. The captain also identified a woman in the bar as the individual who had driven and exited the Jeep. Officer Beckman arrived at the scene shortly after. At that time, Captain Dillender entered the bar and asked the woman, identified as the driver, to step outside.

Both Sergeant Connelly and Officer Beckman testified they noticed a strong smell of alcohol coming from Humes. The sergeant also observed her walk from the bar to her Jeep in an unsteady fashion.

Humes refused to take any field sobriety tests and did not respond to most of the questions. However, when one of the officers questioned her about her car, she indicated she hit a concrete retaining wall on Highway 40 en route to the restaurant. Subsequently, the officers arrested and charged her pursuant to the Chesterfield ordinance for driving while intoxicated. They handcuffed her because she became defensive and attempted to restart her Jeep. They took her to the Creve Coeur Police Department where Officer Beckman ran a breathalyzer test. The test indicated a blood alcohol level of .178.

Humes' first point contests proof of probable cause to arrest. We review in accord with *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). In a license revocation proceeding, the Director must show the police had probable cause to arrest the driver for driving while intoxicated and the driver exceeded the legal blood alcohol limit at the time of the arrest. *Gordon v. Director of Revenue*, 896 S.W.2d 737, 739 (Mo.App.E.D. 1995). "The alleged illegality of or lack of

probable cause for the stop does not affect the admissibility of the observations stemming from that stop in a civil revocation proceeding." *Id.* at 740.

■ Probable cause exists when the facts and circumstances would warrant a person of reasonable caution to believe that an offense has been committed. *Chinnery v. Director of Revenue,* 885 S.W.2d 50, 51 (Mo. App.W.D.1994). The determination of whether an officer has probable cause to make an arrest must be made "in relation to circumstances as they would have appeared to a prudent, cautious, and trained police officer." *Id.*

■ We find Humes's claim is without merit. The officers relied on facts sufficient to formulate probable cause to arrest Humes for driving while intoxicated. First, Captain Dillender observed her driving the Jeep. He witnessed her pull into the parking lot and park the vehicle. He testified ". . . I believed she was in trouble due to the way she was parked." She parked her Jeep in violation of state law. Her Jeep angled across two handicapped spaces and blocked a handicap wheelchair ramp. Handicapped spaces are reserved only for cars which display a handicapped tag. Section 301.143.2 RSMo 1994. Humes's vehicle did not display handicapped tags. Second, the captain observed Humes exit the passenger side of her Jeep and "stagger" towards him. Third, he noticed the Jeep had extensive damage to the front and side. Sergeant Connelly testified ". . . The bumper was hanging from the vehicle. The right rearview mirror on the right side of the car was hanging by a cable. All the molding and trim on the side was—was ripped off." Fourth, Humes asked the captain odd questions about what city she was in and the day of the week, at which time he smelled alcohol on her breath. Sergeant Connelly and Officer Beckman also noticed a strong odor of alcohol when they later questioned her. Finally, the three officers testified Humes appeared unsteady on her feet. The totality of the officers' observations, experience, and reasonable inferences make it probable Humes was driving while intoxicated. Point denied.

■ In her second point, Humes contends the Director failed to prove the elements of driving and intoxication. We disagree. Captain Dillender testified he saw her drive the Jeep into the parking lot and park it in an illegal fashion. This is sufficient evidence to show she was driving the Jeep.

The three officers noticed Humes's unsteady walk and strong smell of alcohol on her breath. Her Jeep was extensively damaged. In a police report, Officer Beckman stated he questioned her regarding the vehicle. She indicated she had been at a bar in St. Louis City prior to her arrival to K.C. Masterpiece Restaurant. However, en route to the restaurant, she had been in an accident on Highway 40 and failed to stop. Upon further questioning, she became apprehensive and she refused to cooperate in a field sobriety test. At one point, the officers handcuffed Humes because she attempted to drive off in the Jeep after the officers placed her under arrest. Officer Beckman ran a breathalyzer test using an Intoxilyzer 5000 machine. The results indicated Humes had a blood alcohol level of .178 which clearly is above the legal limit. These facts are consistent with a finding of intoxication. Humes second point is denied.

■ Humes's third point also lacks merit. She claims the trial court erred in admitting a maintenance report for the Intoxilyzer 5000 machine used to test Humes because the Director failed to produce the report in response to a discovery request. Enforcement of discovery requests are governed by Rule 61.01. Upon a motion for failure to produce documents, the trial court has the discretion to prohibit a disobedient party from introducing the designated matter in evidence. Rule 61.01(d).

Here, Humes did not raise this rule on appeal. Even if she did, the trial court admitted the report after finding the document to be "equally available" to her. We find no abuse of discretion by the trial court. Point denied.

We affirm.

REINHARD, P.J. and WHITE, J., concur.