**Randolph Paul OUGHTON, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 67843.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 27, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., and Ronald D. Pridgin, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Dennis L. Beckley, Hazelwood, for respondent.

REINHARD, Presiding Judge.

The Director of Revenue (Director) appeals the trial court's judgment reinstating petitioner's driving privileges after they had been suspended after his arrest for driving with a blood alcohol concentration (B.A.C.) by weight of 0.10% or more. We reverse and remand.

Patrolman Walt Thomas of the Florissant Police Department was, on March 18, 1994, assigned to the front of a sobriety checkpoint on south-bound Florissant Road. His assignment there was to watch for vehicles avoiding the checkpoint. According to Patrolman Thomas, the checkpoint was "set up past an intersection, giving all drivers ... no reason to ... proceed through the checkpoint without avoiding it." At approximately 11:43 p.m., he saw a vehicle which had been proceeding south on Florissant make a U-turn at the first sign announcing the checkpoint. Patrolman Thomas followed the vehicle a short time and stopped it once it turned off of Florissant. He asked the driver (petitioner) to produce his operator's license and proof of insurance. Patrolman Thomas noticed petitioner had a strong smell of alcohol, bloodshot eyes, and slurred speech. He asked petitioner to exit the vehicle, and noted that petitioner's balance was poor. Patrolman Thomas asked petitioner to perform various field sobriety tests. In one test, he asked petitioner to count backwards from 48 to 28. Petitioner counted down from 48 to 39, skipped to 27, and then counted down from 27 to 20. Petitioner was able to completely recite the alphabet, but added Y, N and Z after Z. Petitioner was also asked to touch the tip of his nose with the index finger of each hand, to do a one leg stand, and to take eight steps in a straight line. Petitioner also failed these tests, and Patrolman Thomas arrested him.

Officer Jeffrey Peters of the Florissant Police administered a breath test to petitioner at the Florissant Police Station. The test revealed petitioner had a B.A.C. of .235%.

The Director suspended petitioner's driving privileges pursuant to the procedures set forth in §§ 302.500–302.540, RSMo 1994.[1] This decision was sustained after an administrative appeal, see § 302.530, and petitioner filed a petition for trial de novo with the circuit court pursuant to § 302.535. The

1. All statutory citations are RSMo 1994, unless otherwise noted.

court entered judgment for petitioner, finding the arresting officer did not have probable cause to arrest petitioner.

■ Suspension or revocation of driving privileges pursuant to § 302.505.1 requires a two-part showing by the Director: (1) the driver was arrested on probable cause that he or she was driving in violation of an alcohol-related offense, and (2) the driver had been driving at a time his B.A.C. was at least 0.10% by weight. *Cain v. Director of Revenue*, 896 S.W.2d 724, 726 (Mo.App.E.D. 1995). These showings must be made by a preponderance of the evidence. *Id.* Our standard of review is provided by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Humes v. Director, Mo. Dep't of Revenue*, 908 S.W.2d 156, 157 (Mo.App.E.D.1995). The decision of the trial court will be affirmed unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

■ Probable cause exists when circumstances and facts would warrant a person of reasonable caution to believe an offense has been committed. *Humes*, 908 S.W.2d at 158. The determination of whether an officer has probable cause to make an arrest must be made in relation to circumstances as they appeared to a prudent, cautious and trained police officer. *Id.* "The type of facts needed to determine probable cause are found in the definition of the substantive offense and in case law dealing with the sufficiency of the evidence to convict of the substantive offense." *Wilcox v. Director of Revenue*, 842 S.W.2d 240, 242 (Mo.App.W.D.1992).

■ Sections 302.500–302.540 do not require that the Director show the officer had probable cause to believe the driver was violating an alcohol-related driving offense prior to the initial stop. *Lambert v. Director of Revenue*, 897 S.W.2d 204, 205 (Mo.App. E.D.1995). Nor does any "alleged illegality of or lack of probable cause for the stop ... affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Id.* (*quoting Gordon v. Director of Revenue*, 896 S.W.2d 737, 740 (Mo. App.E.D.1995)).[2]

■ However, testimony as to the officer's reason for stopping the motorist is often relevant to the Director's satisfying her burden of showing probable cause for the arrest. One formulation our courts have used is that probable cause exists when a police officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication when coming into contact with the motorist. *Aron v. Director of Revenue*, 737 S.W.2d 718, 719 (Mo. banc 1987).

We conclude the trial court erred in finding that the arresting officer did not have probable cause to arrest petitioner; in the

---

**2.** We note that in criminal prosecutions, other jurisdictions have split on whether avoiding a roadblock or checkpoint alone creates sufficient reason for a traffic stop. The majority position appears to be that such avoidance can provide the *sole* basis for such a stop. *See State v. Thill*, 474 N.W.2d 86 (S.D.1991); *Boches v. State*, 506 So.2d 254 (Miss.1987); *Steinbeck v. Commonwealth*, Ky.App., 862 S.W.2d 912 (1993); *Coffman v. State*, 26 Ark.App. 45, 759 S.W.2d 573 (1988); *Snyder v. State*, 538 N.E.2d 961 (Ind. App. 4 Dist.1989); *Smith v. State*, 515 So.2d 149 (Ala.Crim.App.1987); *Stroud v. Commonwealth*, 6 Va.App. 633, 370 S.E.2d 721 (1988). *Contra State v. Powell*, 591 A.2d 1306 (Me.1991); *State v. Talbot*, 792 P.2d 489 (Utah App.1990); *People v. Rocket*, 156 Misc.2d 641, 594 N.Y.S.2d 568 (Just.Ct.1992); *See also State v. Binion*, 900 S.W.2d 702 (Tenn.Cr.App.1994) (lawful turn 1,000 feet before roadblock did not give rise to reasonable suspicion justifying stop). *Binion* cited two cases from the same Virginia court where the lawfulness of the stop appeared to predominantly depend on the distance from the checkpoint at which the avoidance took place, *Stroud, supra* (U-turn 100 to 150 feet before roadblock gave rise to a reasonable suspicion of criminal activity), and *Murphy v. Commonwealth*, 9 Va. App. 139, 384 S.E.2d 125 (1989) (lawful right turn onto dead-end street 350 feet before roadblock did not by itself give rise to such reasonable suspicion).

For two civil cases confronting checkpoint avoidance, *see Howard v. Voshell*, Del.Supr., 621 A.2d 804 (1992) (lawful U-turn 1000 feet from sobriety checkpoint did not alone justify stop of vehicle), and *Pooler v. Motor Vehicles Div.*, 88 Or.App. 475, 746 P.2d 716 (1987), *aff'd* 306 Or. 47, 755 P.2d 701 (1988) (U-turn and motorist's subsequent slow response in stopping vehicle did not justify stop). In *Powell v. Secretary of State*, 614 A.2d 1303 (Me.1992), the Maine Supreme Court found the exclusionary rule did not apply in the civil license suspension proceeding arising out of arrest court had previously found improper in *Powell v. State, supra.*

absence of a finding the officer's testimony was not reliable, the record does not support the court's judgment. *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995). Petitioner presented no evidence, and the evidence supporting Patrolman Thomas's probable cause to arrest petitioner is uncontradicted, uncontroverted and not in conflict with any other evidence. *See id.; Justice v. Director of Revenue,* 890 S.W.2d 728, 731 (Mo.App.W.D.1995).

Thus, we reverse and remand to the trial court directing it to enter an order sustaining the Director's suspension of petitioner's driving privileges.

KAROHL and DOWD, JJ., concur.