**Gerald Wylie Lee SITZES,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. 69106.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Walter S. Drusch, Lowes & Drusch, Cape Girardeau, for petitioner/respondent.

Before DOWD, P.J., and REINHARD and GARY M. GAERTNER, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial *de novo.* We reverse and remand.

Pursuant to the procedures set forth in §§ 302.500–302.540, RSMo 1994,[1] the Director suspended petitioner's driving privi-

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

leges following her determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle while the alcohol concentration in his blood was .10% or more. *See* § 302.505.1. The Director sustained this suspension after an administrative appeal. Petitioner thereupon petitioned for trial *de novo* with the circuit court as permitted by § 302.535, and the court reversed the order of suspension.

At the trial *de novo*, the Director's evidence was supplied by Trooper Blaine Adams of the Missouri State Highway Patrol. He testified that at approximately 2:50 a.m. on December 8, 1994, he observed that approximately half of petitioner's vehicle was positioned over the "white line" at an intersection regulated by a stoplight. Trooper Adams further observed petitioner making two subsequent turns without using his turn signal, driving in the wrong lane of a two-way residential street, and parking his vehicle in the wrong direction in front of a house. After petitioner parked his vehicle, Trooper Adams approached him and noticed that his eyes were watery, glassy, and bloodshot. In addition, petitioner's speech was slurred, he swayed and staggered as he walked, and his breath emitted a strong odor of alcohol. Petitioner admitted having "a couple" or "a few" drinks. Following petitioner's unsatisfactory completion of several field sobriety tests, including a portable breath test indicating that his blood alcohol concentration (BAC) exceeded .10%,[2] Trooper Adams arrested him for driving while intoxicated.

At the Cape Girardeau County Sheriff's Office, petitioner submitted to a breathalyzer test which was administered by Trooper Adams.[3] The test results indicated that petitioner had a .12% BAC. At trial, the Director offered the testing checklist, printout of test results and the maintenance report of

the test device into evidence without objection.[4] Petitioner presented no evidence.

In its order, the trial court noted that the Director did not request findings of fact or conclusions of law. It stated simply that the Director "has failed to sustain her burden of proof" and reinstated petitioner's driving privileges.

■ Our review is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Oughton v. Director of Revenue*, 916 S.W.2d 462, 464 (Mo.App. E.D.1996). We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* On appeal, the Director contends that:

the trial court erred in setting aside the suspension of respondent's driving privilege because the suspension was proper in that appellant established a prima facie case by showing there was probable cause to arrest respondent for an alcohol-related traffic offense and that his blood alcohol concentration equalled or exceeded .10%.

■ A suspension of driving privileges pursuant to § 302.505.1 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol related offense; and (2) that the driver had been driving at a time when his or her BAC was at least .10% by weight. *Covington v. Director of Revenue*, 903 S.W.2d 673, 675 (Mo.App. E.D.1995). These showings must be made by a preponderance of the evidence. § 302.535.1; *Covington*, 903 S.W.2d at 675.

■ The Director, pursuant to §§ 302.500–302.540, is not required to show that the officer had probable cause to believe the driver was violating an alcohol-related driving offense prior to the initial stop.

---

**2.** Trooper Adams testified that he was trained and instructed not to note the *specific* amount of BAC. Rather, he only notes whether or not the BAC exceeds .10%.

**3.** Trooper Adams testified that he held a Type II permit allowing him to operate and maintain the BAC Verifier (test device) at the time he administered the test to petitioner.

**4.** Petitioner did object to the Director's request to take judicial notice of Missouri Department of Health Regulations 19 CSR 20–30.11 through 20–30.060, and the trial court took the objection under advisement. However, this could not be detrimental to the Director because "the courts of this state shall take judicial notice, without proof, of the contents of the code of state regulations." § 536.031.5; *See Birdnow v. Director of Revenue*, 767 S.W.2d 384, 385 (Mo.App.1989).

*Lambert v. Director of Revenue,* 897 S.W.2d 204, 205 (Mo.App. E.D.1995). Nor does any "alleged illegality of or lack of probable cause for the stop ... affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Gordon v. Director of Revenue,* 896 S.W.2d 737, 740 (Mo. App. E.D.1995). However, for purposes of satisfying the statutory requirements of § 302.505.1, we have stated that probable cause exists when an officer observes an unusual or illegal operation of a motor vehicle and observes indicia of intoxication when coming into contact with the motorist. *Oughton,* 916 S.W.2d at 464. In this case, petitioner presented no evidence to rebut the uncontradicted and uncontroverted evidence supporting Trooper Adams' probable cause to arrest him or that his BAC was at least .10% while he was driving. *See Id.*

 Petitioner argues that because "[the judge] is free to believe or disbelieve any witness or any part of the testimony of any witness, whether or not contradicted," the trial court's decision "cannot be reversed." We rejected this argument in *Covington,* 903 S.W.2d 673, relying on *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995).

In *Covington,* the petitioner presented no evidence, but the trial court found that the Director had failed to carry her burden of proof[5] by a preponderance of the evidence and reinstated the petitioner's driving privileges. *Covington,* 903 S.W.2d at 674–75. We reversed the trial court's order and held that the "judgment cannot be affirmed" on the basis that the trial court might have disbelieved the testimony of the officer when the officer was the sole witness at trial and the petitioner presented no evidence. *Id.* at 675.

Here, as in *Reinert,* the judgment of the trial court, absent a finding that the officer's testimony was not reliable, cannot be affirmed based on the lack of credibility of the Director's witness because the record does not support a finding that the officer lacked

probable cause to arrest petitioner or that petitioner's BAC was less than .10%.

Thus, the judgment of the trial court is reversed and the cause remanded for the trial court to enter a judgment reinstating petitioner's suspension.

---

5. We agree with the petitioner that the Director has confused the terms "prima facie case" and "burden of proof" in her appellate brief. The trial court made no finding regarding whether the Director established a prima facie case. Rather, as in *Covington,* the trial court found that the Director had failed to sustain her burden of proof.