Mark Richard BRANDOM, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 20856.

Missouri Court of Appeals,
Southern District,
Division One.

Oct. 23, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Phillip J. Barkett, Jr., Dempster, Barkett & Edwards, L.L.C., Sikeston, for respondent.

PER CURIAM.

The Director of Revenue (Appellant) appeals from a trial court order setting aside suspension of Respondent's driving privileges. Appellant contends the trial court erred in that evidence sufficient to support a revocation of Respondent's privileges for driving while intoxicated was uncontroverted at trial. We agree and order reinstatement of Appellant's suspension of Respondent's driving privileges.

Respondent had petitioned for and received a trial de novo after Appellant suspended and later sustained the suspension of his driver's license, pursuant to §§ 302.500–.540, RSMo 1994. At trial, a Missouri highway patrolman testified that he stopped Respondent for speeding and, after noticing that Respondent's breath bore a strong odor of intoxicants, his eyes were watery, and his speech was slurred, asked Respondent to perform several field sobriety tests. Respondent failed all but one of these tests, according to the officer's testimony, and the officer arrested Respondent for driving while intoxicated.

The officer testified that the field test Respondent had passed was conducted with a portable breathalyzer. According to the officer, the results of that showed Respondent's blood-alcohol content below .10%. The officer further testified, without objection or contradiction, that he believed the portable breathalyzer to be malfunctioning and that the results of a test conducted minutes later with equipment at a nearby patrol station showed Respondent's blood-alcohol content to be .13%.

■ A suspension of driving privileges pursuant to § 302.505 requires a two-part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol-related offense; and (2) that the driver had been driving at a time when his or her blood-alcohol concentration was at least .10% by weight. *Fitzgerald v. Director of Revenue,* 922 S.W.2d 478, 480 (Mo.App.1996).

■ Respondent claims that because several documentary exhibits, including the printout of the results of the blood-alcohol content test, were never admitted into evidence, the only evidence preserved for review by this court is the testimony of the arresting officer, "which was conflicted at best."

■ However, this testimony was unequivocal and uncontradicted with respect to facts clearly justifying suspension for driving while intoxicated. The officer was allowed to testify, without objection, that Respondent's breathalyzer test showed a blood-alcohol content of .13%. "When evidence of one of the issues in the case is admitted without objection, the party against whom it is offered waives any objection to the evidence, and it may be properly considered even if the evidence would have been excluded upon a proper objection." *Reinert v. Director of Revenue,* 894 S.W.2d 162, 164 (Mo. banc 1995).

We do not believe the failure to admit the documentary exhibits into evidence prevented Appellant from carrying her burden of proof in establishing the necessary requirements for suspension.

■ Respondent next points out that Appellant never proved the arresting officer was justified in making the initial stop. Such proof was not necessary since Appellant does not have a burden of showing the lawfulness of or probable cause for a stop in order to revoke or suspend operating privileges for driving while intoxicated. *Gordon v. Director of Revenue,* 896 S.W.2d 737, 740 (Mo. App.1995).

■ Respondent also suggests that the arresting officer's testimony revealed probable cause did not exist to arrest Respondent, referring specifically to the results of a port-

able breathalyzer test conducted by the officer at the site of the stop. Respondent, however, offered no evidence disputing the officer's testimony that the portable breathalyzer was malfunctioning, and we perceive no conflict in that testimony. Nor did Respondent dispute that at the time of the stop Respondent's breath bore a strong odor of intoxicants, his eyes were watery, his speech was slurred, and Respondent failed three other field sobriety tests.

■ The trial court did not issue findings of facts or conclusions of law, making it difficult to ascertain the basis for its decision to set aside Respondent's suspension. There is no indication that the trial court doubted the credibility of the officer's testimony or believed that his testimony was "conflicted" in any way. The judgment cannot be affirmed on the basis that the trial court might have disbelieved the testimony of the officer when the officer was the sole witness at trial and the petitioner presented no evidence. *Sitzes v. Director of Revenue,* 928 S.W.2d 3, 6 (Mo.App.1996); *see Justice v. Director of Revenue,* 890 S.W.2d 728, 730 (Mo.App.1995)(deference to the trial court's findings is not required when the evidence is uncontroverted and the case is virtually one of admitting the facts or when the evidence is not in conflict).

Here, there was substantial uncontradicted evidence supporting a finding that the officer had probable cause to arrest Respondent and a finding otherwise would be error.

■ Generally, we will affirm the decision of the trial court unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declared or misapplied the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Nevertheless, such standard does not permit this Court to affirm the judgment of the trial court by merely disregarding all uncontradicted evidence that supports Appellant's contention that all elements for an administrative revocation of Respondent's license were proven. *See Sitzes,* 928 S.W.2d at 6. Here, there was uncontroverted evidence that Respondent was arrested upon probable cause for driving while intoxicated and that he was driving at a time when his blood-alcohol content exceeded the legal limit. *Cf. Reinert,* 894 S.W.2d at 164.

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Respondent's driving privileges.