Perry D. KLOUZEK,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.

No. 70241.

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 29, 1996.

Jeremiah W. (Jay) Nixon, Attorney General, Theresa J. Miller, Special Assistant Attorney General, Missouri Department of Revenue, Jefferson City, for respondent/appellant.

Dana L. Frese, Coil & Coil, P.C., Jefferson City, for petitioner/respondent.

REINHARD, Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial *de novo*. We reverse and remand.

**1.** All statutory references are RSMo 1994.

**2.** The noise ordinance prohibits:

> The playing of any ... ster[e]o ... in such a manner or with such volume as to tend to annoy or disturb the quiet, consort or repose of any person in any dwelling, hotel, or other type of residence, provided, that any such noise can be distinctly heard at a distance of more th[a]n ninety (90) feet from its source shall be deemed excessive.

Pursuant to the procedures set forth in §§ 302.500–302.540, RSMo 1994,[1] the Director suspended petitioner's driving privileges following her determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle with a blood alcohol concentration (BAC) of .10% or more. *See* § 302.505.1. The Director sustained this suspension after an administrative appeal. Petitioner petitioned for trial *de novo* with the circuit court as permitted by § 302.535, and the court reversed the order of suspension.

At the trial *de novo*, Debbie Sue Wilson, a police officer for the city of Linn, testified that on August 26, 1994, she observed a vehicle violating the city noise ordinance. Officer Wilson stopped the car for "[t]he excessive noise, stereo, over 90 feet"[2] and asked the driver, petitioner, to step out of the car.

Petitioner complied with the request, and Officer Wilson recalled that "[h]e had an odor of alcoholic beverage about him. His eyes were bloodshot. In order to stand, he was leaning against the truck." Petitioner spoke with slurred speech and admitted to Officer Wilson that he had been drinking. He subsequently failed all three field sobriety tests administered by Officer Wilson and was arrested for driving while intoxicated.

Petitioner presented no evidence, but he stipulated to the results of a breathalyzer test taken on the evening of his arrest, which indicated that he had a BAC of .27%.

Following the trial, the court entered judgment for petitioner, explaining:

> Court finds there was no proof of violation of Linn City Ordinance due to police officer's misunderstanding of the ordinance.[3] Therefore there was no probable

**3.** Officer Wilson initially testified that she could hear the car stereo while sitting two or three blocks away. However, on cross-examination, Officer Wilson testified that she had never measured the distance between her car and petitioner's vehicle and asserted:

> The ordinance only requires us to be able to hear it within 90 feet. If they're further than 90 feet, we don't have to measure it.

She later asserted that she could hear the stereo "outside 90 feet."

grounds [to] stop the vehicle operated by petitioner.

On appeal, the Director contends:

The trial court erred in reversing the suspension of [petitioner's] driving privilege because said suspension was proper, in that the evidence showed that the officer had probable cause to arrest [petitioner] for driving while intoxicated and his BAC equaled or exceeded .10%.

 Our review is controlled by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). *Oughton v. Director of Revenue*, 916 S.W.2d 462, 464 (Mo.App. E.D.1996). We must affirm the decision of the trial court unless it is unsupported by substantial evidence, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy*, 536 S.W.2d at 32.

A suspension of driving privileges pursuant to § 302.505.1 requires a two–part showing: (1) that the driver was arrested upon probable cause that he or she was driving in violation of an alcohol–related offense; and (2) that the driver had been driving at a time when his or her BAC was at least .10% by weight. *Covington v. Director of Revenue*, 903 S.W.2d 673, 674–75 (Mo.App. E.D.1995). These showings must be made by a preponderance of the evidence. *Id.* at 675.

Pursuant to §§ 302.500–302.540, the Director is not required to show that the officer had probable cause to believe the driver was violating an alcohol–related driving offense prior to the initial stop. *Lambert v. Director of Revenue*, 897 S.W.2d 204, 205 (Mo.App. E.D.1995). "The alleged illegality of or lack of probable cause for the stop does not affect the admissibility of observations stemming from that stop in a civil revocation proceeding." *Gordon v. Director of Revenue*, 896 S.W.2d 737, 740 (Mo.App. E.D.1995). *See also Koons v. Director of Revenue*, 931 S.W.2d 210 (Mo.App.W.D.1996) (reinstating the petitioner's suspension on facts similar to the case before us).

Here, the trial court erroneously declared and applied the law by requiring the Director to show that the officer had "probable grounds ·[to] stop the vehicle operated by petitioner." Thus, the judgment of the trial court is reversed, and the cause is remanded for the trial court to enter a judgment reinstating petitioner's suspension. *See Reinert v. Director of Revenue*, 894 S.W.2d 162 (Mo. banc 1995).

Reversed and remanded.

DOWD and GARY M. GAERTNER, JJ., concur.