Brian RISLEY, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. 70257.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 21, 1997.

---

1. ˙ Driver did not file a brief on appeal.

Rodney Massman, Jefferson City, for appellant.

Richard Keith Kuntze, Osburn, Hine, Kuntze & Yates, Cape Girardeau, for respondent.

GARY M. GAERTNER, Judge.

Appellant, the Director of Revenue ("Director"), appeals the judgment of the Circuit Court of Cape Girardeau County setting aside the suspension of Brian Risley's ("driver's") driving privileges, imposed pursuant to RSMo § 302.505.[1] We reverse and remand.

The circumstances giving rise to the suspension of driver's license are as follows: On September 10, 1995, Officer Curtis Session observed driver approach a flashing red light governing the intersection of Sprigg and William Streets. Driver proceeded to pull in front of another vehicle at the intersection, thereby failing to yield the right of way. Session stopped driver, and while explaining the reason for the stop, noticed driver smelled of alcohol and had difficulty keeping his balance, and driver's eyes were bloodshot and watery. Session had driver perform three field sobriety tests. When driver failed to perform two of these tests satisfactorily, Session placed him under arrest for driving while intoxicated.

Session transported driver to the police department where driver consented to a breathalyzer test. Session, who held an operator's permit, administered the test, which showed driver's blood alcohol content ("BAC") to be .155 percent in violation of the legal limit. Driver's driving privileges were suspended after an administrative hearing. He petitioned for a trial de novo. At the trial, Director offered the testimony of Officer Session, who testified to the facts previously recited. Director also offered into evidence the checklist Session completed while administering the test, driver's test results, the most recent maintenance report on the breathalyzer machine used, and the city ordi-

nance for driving while intoxicated. Director further asked the court to take judicial notice of the Department of Health regulations. Driver did not object to any of the above evidence,[2] nor did he offer any evidence of his own. In its order and judgment, the trial court ruled in favor of driver and reinstated his driving privileges. Director appeals.

■ On review, we will affirm the decision of the trial court unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously applies or declares the law. *Bennett v. Director of Revenue*, 889 S.W.2d 166, 168 (Mo.App. W.D. 1994). Here, Director contends the trial court's judgment is against the weight of the evidence and is not supported by substantial evidence.[3] We agree.

■ In a proceeding to suspend a license under RSMo § 302.505, the Director must show the police had probable cause to arrest the driver for driving while intoxicated, and the driver's blood alcohol level exceeded the legal limit at the time of the arrest. *Humes v. Director, Missouri Dept. of Revenue*, 908 S.W.2d 156, 157 (Mo.App. E.D.1995). Here, Officer Session testified he pulled driver over for failing to yield the right of way at an intersection. During his contact with driver, Session noticed signs of intoxication. Driver failed two of the three field sobriety tests administered during the stop. This constituted probable cause to believe driver had committed an alcohol related traffic offense. Subsequent chemical testing revealed driver's BAC was .155 percent, which violates the statutory limit of .10 percent. *See* RSMo § 302.505.1. This evidence was sufficient to meet Director's burden of proof. Driver did not object to most of Director's evidence, nor did he attempt to rebut it with evidence of his own. In sum, the record is wholly devoid of any evidence contradicting Director's evidence or supporting a finding in driver's favor.

1. All statutory references will be to RSMo 1994 unless otherwise noted.

2. Driver did object to Officer Session's testimony that he held a valid Type III operator's permit; however, the trial court overruled this objection.

3. Driver did not file a brief on appeal.

Based on the foregoing, the judgment of the trial court is reversed and remanded with instructions to reinstate Director's order suspending driver's license.

DOWD, P.J., and REINHARD, J., concur.