**James A. MATHEWS, Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

**No. ED 75713.**

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 14, 1999.

William W. Cheeseman, Sr., Troy, for petitioner/respondent.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent/appellant.

Before KATHIANNE KNAUP CRANE, P.J., ROBERT G. DOWD, Jr., J., and SHERRI B. SULLIVAN, J.

## MEMORANDUM DECISION

PER CURIAM.

The Director of Revenue (director) appeals from the circuit court judgment reinstating the driving privileges of petitioner, James A. Mathews, pursuant to Section 577.041 RSMo (1994). On appeal director contends that the trial court erred in setting aside the license revocation because there was uncontroverted evidence before the trial court that petitioner was arrested, that the arresting officer had reasonable grounds to believe that petitioner was driving while intoxicated, and that petitioner refused to submit to a chemical test and, therefore, director met the burden of proof required by Section 577.041. Director argues that the judgment was contrary to the evidence and cannot stand on appeal, citing *Reinert v. Director of Revenue*, 894 S.W.2d 162, 164 (Mo. banc 1995).

In *Reinert* the Missouri Supreme Court found that the trial court had erroneously excluded the results of a blood alcohol test. The driver argued that the reinstatement could still be affirmed because the trial judge "might have disbelieved" the officer's testimony. The Supreme Court rejected that argument because the record did not support findings that Reinert was not the driver or that the officer lacked probable cause for the arrest. In *Covington v. Director of Revenue*, 903 S.W.2d 673, 675 (Mo.App.1995), we followed *Reinert* and reversed a trial court's reinstatement of driving privileges. We held that the judgment could not be affirmed on the basis that the trial court "could have" disbelieved the officer's testimony when there was no controverted evidence. In *Sitzes v. Director of Revenue*, 928 S.W.2d 3, 6 (Mo. App.1996) we followed *Reinert* and *Covington* and held that a reinstatement cannot be affirmed based on the lack of credibility of the director's witness "absent a finding that the officer's testimony was not reliable." This line of cases indicates that when the evidence supporting revocation is uncontroverted and the trial court has not specifically found the director's witness in-

credible, appellate courts will not presume that the trial judge found a lack of credibility and will not affirm on that basis.

In contrast, in this case the trial court made a specific finding that it did not believe the arresting officer. Accordingly, we must defer to the trial court's prerogative to determine credibility. *Thurmond v. Director of Revenue*, 759 S.W.2d 898, 899 (Mo.App.1988). *See also, Hawk v. Director of Revenue*, 943 S.W.2d 18, 22 (Mo. App.1997).

The judgment of the trial court is affirmed in compliance with Rule 84.16(b).