**Dennis HALMICH,**
**Petitioner/Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Appellant.**

No. 69043.

Missouri Court of Appeals,
Eastern District,
Division One.

June 4, 1996.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Special Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

Jonathan L. Downard, Hansen, Stierberger, Downard & Melenbrink, Union, for respondent.

Before REINHARD, P.J., and KAROHL and GRIMM, JJ.

PER CURIAM.

The Director of Revenue (Director) appeals from the circuit court's order permanently enjoining the Director from suspending or revoking petitioner's driving privileges pursuant to § 302.505, RSMo 1994.[1] We reverse and remand.

Petitioner's driving privileges were suspended upon the Director's determination that petitioner was arrested upon probable cause to believe he was driving a motor vehicle with a blood alcohol content by weight of .10% or more. § 302.505.1. The suspension was sustained after an administrative hearing, § 302.530, and petitioner petitioned for a trial *de novo*. § 302.535. Petitioner subsequently filed a motion seeking to "permanently suspend" the Director's license suspension order, contending it was barred by the Double Jeopardy Clause of the Fifth Amendment. (Petitioner asserted there was an on-going criminal prosecution for driving while intoxicated). The circuit court sustained petitioner's motion.

This case is controlled by the recent Missouri Supreme Court case of *State v. Mayo,* 915 S.W.2d 758 (Mo. banc 1996). There, the court held a charge of driving while intoxicated is not barred by the Double Jeopardy Clause because the defendant's license had been administratively suspended. Thus, it reversed the trial court's dismissal of the charges against the defendant. The holding in *Mayo* is just as applicable where, as here, the claim of double jeopardy is made in the civil suspension/revocation proceeding.

We reverse and remand.

---

1. All statutory citations are RSMo 1994.