**Jeffrey K. KLEFFNER, Respondent,**

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.**

**No. 72050.**

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 2, 1997.

Jeremiah W. (Jay) Nixon, Atty. Gen., Charles L. Gooch, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for appellant.

R.J. Bopp, Ballwin, for respondent.

CRANDALL, Judge.

The Director of Revenue (Director) appeals from a judgment and order rescinding the Department of Revenue's suspension of respondent Jeffrey K. Kleffner's driver's license. We reverse and remand with directions.

On the evening of May 30, 1996, City of Ellisville police officer Alan Brown was on duty on his motorcycle sitting at an intersection. Officer Brown heard a radio dispatch stating that a vehicle had possibly left the scene of an accident that occurred in Ballwin, Mo. At that time, Officer Brown saw the vehicle described in the radio dispatch. He stopped the vehicle and noticed a large amount of damage to the vehicle's front end. When he walked up to the vehicle, Kleffner, who had been driving, stated he had "left the wreck because he didn't have insurance." Officer Brown placed Kleffner in a St. Louis County police car and Ballwin police were contacted. George Boswell, a City of Ballwin police officer, responded. When Officer Boswell opened the door of the St. Louis County police car he noticed a moderate odor of alcohol. He also noticed Kleffner's eyes were "bloodshot and staring." Officer Boswell asked Kleffner if he was involved in an accident, and he answered "yes." Officer Boswell conducted five field sobriety tests and Kleffner failed four of the tests. Officer Boswell then arrested Kleffner pursuant to a Ballwin ordinance for driving while intoxicated. Officer Boswell subsequently conducted a breath analysis test. The test showed Kleffner's blood alcohol content was .105 percent.

The Director suspended Kleffner's driving privileges pursuant to Section 302.505 RSMo 1994, and the suspension was upheld after an administrative hearing. Kleffner filed a petition for a trial de novo in the circuit court. At trial, Officers Brown and Boswell testified for the Director and Kleffner presented no evidence. The trial court reinstated Kleffner's driving privileges. The court found that Kleffner had a blood alcohol content of .10 percent or more but that there was "no evidence presented of driving in Ballwin and probable cause to arrest under Ballwin ordinance." The Director appeals from this judgment.

■ The Director argues that Officer Boswell had probable cause to arrest Kleffner under the Ballwin ordinance for driving while intoxicated. In a license suspension proceeding, the Director has the burden to show by a preponderance of the evidence that (1) the officer had probable cause to arrest the petitioner for driving while intoxicated; and (2) petitioner's blood alcohol content was .10 percent or greater at the time of the arrest. *Poage v. Director of Revenue*, 948 S.W.2d 194, 195 (Mo.App. E.D.1997). The trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it

erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

Probable cause to arrest exists when circumstances and facts would warrant a person of reasonable caution to believe that an offense has been committed. *Rogers v. Director of Revenue,* 947 S.W.2d 475, 477 (Mo. App. E.D.1997). To form a belief amounting to probable cause, the arresting officer need not possess all the information regarding the offense and the arrestee's participation in it. *Id.*

Here, the arresting officer, George Boswell, did not observe Kleffner driving in Ballwin. However, circumstantial evidence may be relied on when driving is not actually observed. *Id.* It is unnecessary for an officer to actually observe a person driving to have probable cause to arrest for driving while intoxicated. *Id.*

City of Ellisville police officer, Alan Brown, stopped Kleffner within five minutes of the accident in Ballwin. The car Kleffner was driving had a large amount of damage and matched the description of the car involved in the accident. Officer Brown told Officer Boswell that Kleffner was driving the vehicle that he had stopped. Kleffner told Officer Boswell that he was involved in an accident. Officer Boswell noticed a smell of alcohol in the police car Kleffner was sitting in, and that Kleffner's eyes were "bloodshot and staring." Kleffner failed four of the five field sobriety tests. Probable cause existed for Officer Boswell to arrest Kleffner for violating the Ballwin ordinance.

The judgment of the trial court is reversed. The cause is remanded with directions to reinstate the suspension of Kleffner's driving privileges.

AHRENS, P.J., and KAROHL, J., concur.