Norma J. KEAVENY,
Petitioner/Respondent,

v.

DIRECTOR OF REVENUE STATE OF
MISSOURI, Respondent/Appellant.

No. 72470.

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 17, 1998.

Jeremiah W. (Jay) Nixon, Atty. Gen., Laura M. Vogel, Asst. Atty. Gen., Jefferson City, for appellant.

R. Jon Bopp, Ballwin, for respondent.

CRANE, Presiding Judge.

The Director of Revenue (Director) appeals from the circuit court judgment reinstating petitioner's driving privileges after a trial *de novo*. We reverse.

Pursuant to the administrative procedures set out in Sections 302.500–302.540 RSMo (1994), the Director suspended petitioner's driving privileges following a determination that petitioner was arrested upon probable cause to believe she was driving a motor vehicle while her blood alcohol concentration (BAC) was .10 per cent or more. *See* Section 302.505 RSMo (1996 Supp.). The Director subsequently sustained the suspension after an administrative appeal. Petitioner requested a trial *de novo* with the circuit court under Section 302.535 RSMo (1996 Supp.).

At the trial *de novo*, Officer John F. Kreith of the Ballwin, Missouri, Police Department, testified that in the early morning hours of November 28, 1996, he and his field training officer observed a vehicle weave within in its lane and cross the white line on two occasions while traveling eastbound on Manchester Road. He pulled the vehicle over in the neighboring City of Winchester, Missouri, which is also patrolled by Ballwin police. Officer Kreith asked the driver for her license and proof of insurance, and identified the driver as petitioner Norma Jean Keaveny.

Officer Kreith testified that several circumstances led him to believe petitioner was intoxicated: 1) when asked to produce her license, petitioner had difficulty removing the license from her wallet; 2) petitioner's breath had a moderate odor of intoxicants; 3) her speech was slurred; and 4) after exiting her vehicle as requested, petitioner swayed and used the car for support. When asked if she had been drinking, petitioner responded that she had had two drinks that evening. Officer Kreith then asked petitioner to take a field sobriety test. Specifically, he suggested three different tests, but petitioner refused the first two which involved movement and balance, apparently fearing that her high heels would hinder her performance. She agreed to take the horizontal gaze nystagmus test and failed. Officer Kreith arrested petitioner pursuant to a Ballwin ordinance prohibiting driving while intoxicated and transported her to the Ballwin police station.

Officer Kreith testified that when he first observed the vehicle weaving and crossing the line it was on Manchester Road in the City of Ballwin. However, on cross-examination he testified that he originally put a Manchester Road address located in the City of Winchester on the traffic citations and in the alcohol influence report and that he corrected the address number after his field training officer called his attention to the mistake.

Officer George E. Boswell testified that, later that same morning, he performed a breathalyzer test on petitioner at the station. According to the test result, petitioner had a blood alcohol content (BAC) of .226 per cent by weight.

Petitioner did not call any witnesses, but offered into evidence tickets showing the change in address.

The court reinstated her driving privileges, finding that Officer Kreith did not have probable cause to arrest petitioner, that petitioner had a BAC of greater than .10 per cent by weight, and that there was no credible evidence that petitioner's driving violations occurred in the City of Ballwin, under which ordinance petitioner was arrested.

The Director appeals. She argues that Officer Kreith had probable cause to arrest petitioner and that, under Section 302.505.1 RSMo (1996 Supp.), the Director had no obligation to demonstrate the validity of petitioner's arrest because the exclusionary rule does not apply in civil cases.

■ We will affirm the trial court's decision unless it is not supported by substantial evidence, is contrary to the weight of the evidence, or misdeclares or misapplies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and the inferences drawn therefrom in the light most favorable to the verdict. *Miller v. Director of Revenue*, 719 S.W.2d 787, 789 (Mo. banc 1986).

■ To suspend a license under Section 302.505.1, the Director must demonstrate, by

a preponderance of the evidence, that: 1) the officer had probable cause to arrest the driver for driving while intoxicated; and 2) the driver's BAC, at the time of arrest, was .10 per cent by weight or greater. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App.1997). The uncontroverted evidence presented to the trial court was sufficient to prove that the arresting officer had probable cause and that petitioner's BAC exceeded .10 per cent. The trial court's finding that the Director failed to demonstrate by credible evidence that petitioner's driving violations occurred in the City of Ballwin does not preclude the Director from establishing probable cause for petitioner's arrest.

Evidence obtained in an illegal or unethical manner is subject to the exclusionary rule only in criminal cases. *In re Littleton*, 719 S.W.2d 772, 775 n. 2 (Mo. banc 1986); *James v. Director of Revenue*, 767 S.W.2d 604, 611 (Mo.App.1989). The *de novo* review of a license suspension pursuant to Section 302.535.1 is a civil proceeding to which the exclusionary rule does not apply. *James*, 767 S.W.2d at 611–612. The alleged illegality of a traffic stop does not affect the admissibility of observations made during the stop in a revocation hearing. *Klouzek v. Director of Revenue*, 932 S.W.2d 890, 892 (Mo.App.1996) (quoting Gordon v. Director of Revenue, 896 S.W.2d 737, 740 (Mo.App. 1995)). Similarly, the alleged illegality of an arrest does not effect the admissibility of observations made during the arrest in a revocation hearing. *Tidwell v. Director of Revenue*, 931 S.W.2d 488, 491–92 (Mo.App. 1996); *Kimber v. Director of Revenue*, 817 S.W.2d 627, 631–32 (Mo.App.1991). Under the suspension statute, the Director was not required to prove whether petitioner's arrest pursuant to a Ballwin ordinance was valid.

Here, the evidence presented at the trial *de novo* revealed that: 1) petitioner was driving erratically; 2) she had difficulty producing her license; 3) her breath smelled of alcohol; 4) her speech was slurred; 5) she swayed when she walked; 6) she failed the only field sobriety test she agreed to take; and 7) she had a BAC of .226 per cent by weight. The Director established the necessary statutory elements for suspending petitioner's driving privileges. Section 302.505.1 RSMo (1996 Supp).

The trial court's order reinstating petitioner's driving privileges is reversed. The Director's order suspending petitioner's driving privileges is reinstated for a period to be determined by the Department of Revenue in accordance with Section 302.525.

RHODES RUSSELL and JAMES R. DOWD, JJ., concur.