Dennis Ross **HALMICH**, Respondent,

v.

**DIRECTOR OF REVENUE, STATE OF MISSOURI**, Appellant.

No. 72018.

Missouri Court of Appeals, Eastern District, Division Four.

April 28, 1998.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for Appellant.

Jonathan Lloyd Downard, Union, for Respondent.

SIMON, Judge.

The Director of Revenue (Director) appeals from a final judgment of the Circuit Court of Franklin County, Missouri, which set aside the suspension of the driving privileges of Dennis Ross Halmich (Driver) after a trial de novo pursuant to Sections 302.500 to 302.540 RSMo 1994 (all further references shall be to RSMo 1994 unless noted otherwise). On appeal, Director contends that the trial court erred in setting aside the suspension of Driver's driving privilege because whether Driver was properly charged under St. Clair municipal ordinance Section 14–89 is irrelevant to determining if his license should be suspended pursuant to Section 302.505. We reverse and remand.

Director suspended Driver's driving privileges following her determination that Driver was arrested upon probable cause to believe he was driving a motor vehicle with a blood alcohol concentration (BAC) of .10% or more. *See* Section 302.505.1. On March 3, 1994 Driver filed a petition for trial de novo in the circuit court after his driving privileges were suspended. The trial court originally reinstated Driver's license. We reversed that judgment in *Halmich v. Director of Revenue*, 924 S.W.2d 16 (Mo.App.1996) and remanded for another trial.

On remand, Sgt. Hammock of the St. Clair Police Department testified that on December 29, 1993, he was dispatched to a bowling alley concerning a fight in progress. When he arrived, several people pointed to a truck and indicated that the people in the truck caused the fight. The truck was parked on a private parking lot next to the bowling alley. When Sgt. Hammock approached the vehicle, Driver drove off at a slow pace. Sgt. Hammock testified that he knocked on the window and ordered Driver to stop the truck, however, Driver continued to drive. Driver finally stopped after Sgt. Hammock opened the driver's door, stepped into the vehicle, reached for the steering wheel and again ordered Driver to stop.

After Driver exited the vehicle, Sgt. Hammock detected a strong odor of intoxicants and observed that his speech was "slurred and mumbled." Driver subsequently failed three field sobriety tests administered by Sgt. Hammock and was arrested for driving while intoxicated in violation of St. Clair municipal ordinance Section 14–89, which provides, "No person shall drive a motor vehicle upon a street in the city while he is in an intoxicated condition or under the influence of narcotics or hypnotic drugs, or a combination of such drugs and alcohol." Mr. Halmich was transported to the police station where he was administered a breath test. The test results indicated that Mr. Halmich's BAC was .16%.

Driver contested his suspension on the grounds that there was no probable cause to arrest him for driving while intoxicated pursuant to the St. Clair ordinance because the ordinance only prohibits the offense of driving while intoxicated if a person was driving on a public street and not on a private parking lot.

The trial court sustained Driver's Motion for Directed Verdict (in reality a motion to dismiss) and set aside the suspension of Driver's driving privilege for the reason "that the police would certainly have charged a correct violation if they had probable cause to do so and the legally incorrect charge shows a lack of probable cause."

Reviewing a court-tried case, we affirm the judgment unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

On appeal, Director contends that the trial court erred in setting aside the suspension of Driver's driving privilege because whether Driver was properly charged under the St. Clair ordinance is irrelevant to determining if his license should be suspended pursuant to Section 302.505 (this statute was amended in 1996, but the changes are inapplicable to Driver's situation).

Section 302.505 provides, in pertinent part:

1. The department shall suspend or revoke the license of any person upon its determination that the person was arrested for probable cause to believe he was driving a motor vehicle while the alcohol concentration in the person's blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood, based on the definition of alcohol concentration in section 302.500.

* * *

3. The determination of these facts by the department is independent of the determination of the same or similar facts in the adjudication of any criminal charges arising out of the same occurrence. The disposition of those criminal charges shall not affect any suspension or revocation under this section.

■ To suspend a license under Section 302.505.1, the Director must demonstrate, by a preponderance of the evidence, that: 1) the officer had probable cause for the initial arrest of Driver for driving while intoxicated; and 2) Driver's BAC, at the time of arrest, was .10% by weight or greater. *Whitworth v. Director of Revenue*, 953 S.W.2d 142, 143 (Mo.App.1997). "Probable cause ... exists when the officer observes a traffic violation or unusual operation of a vehicle and, upon stopping the motorist, notes indications of alcohol consumption." *Renfro v. Director of Revenue*, 927 S.W.2d 945, 947 (Mo.App.1996).

■ Here, Sgt. Hammock stopped Driver due to his reasonable belief that Driver was involved in a fight at the bowling alley and because Driver failed to comply with his order to stop the truck. Upon stopping, Sgt. Hammock observed a strong smell of intoxicants about the person of Driver and that his speech was "slurred" and "mumbled." These observations provided Sgt. Hammock reason to believe that Driver was driving while intoxicated and prompted Sgt. Hammock to administer field sobriety tests, which Driver subsequently failed. Driver was then placed under arrest upon Sgt. Hammock's reasonable belief that Driver was in violation of St. Clair Ordinance 14–89. Observations and circumstances similar to these have been found to establish probable cause to arrest for driving while intoxicated for the purposes of suspension proceedings pursuant to Section 302.505. In *Diehl v. Director of Revenue*, 836 S.W.2d 94, 95 (Mo.App.1992), the fact that the driver's eyes were bloodshot and watery, his speech was slurred, and he had a strong odor of alcohol on his breath established probable cause. In *Thurman v. Director of Revenue*, 745 S.W.2d 260, 262 (Mo.App.1988), an officer was found to have sufficient probable cause to effectuate the arrest when the officer noticed that "driver's eyes were bloodshot and his speech slurred." Here, the evidence satisfies the requirement for proof of probable cause.

Further, Driver was transported to the police station where he submitted to a breath test that confirmed Driver's BAC was .16%. Director met the prima facie foundation for admission into evidence of a breath test by establishing that the testing methods set out in Section 577.020 were followed. No evidence was offered by Driver to contradict the test result, nor does Driver contest the test result on appeal. Therefore, the second requirement of section 302.505 was satisfied.

The record does not indicate the disposition of the city proceedings against Driver, but, in any event, that determination is independent of the suspension procedures and does not affect it. Section 302.505.3; *Tolen v. Missouri Department of Revenue*, 564 S.W.2d 601, 602 (Mo.App.1978). Under the suspension statute, Director was required to prove that Driver was arrested upon probable cause to believe that Driver was driving a motor vehicle while the alcohol concentration in his blood or breath was ten-hundredths of one percent or more by weight of alcohol in his blood. Therefore, the trial court erred in reinstating Driver's driving privileges. Judgment is reversed and remanded for proceedings in accordance with this opinion.

JUDGMENT REVERSED AND REMANDED.

ROBERT G. DOWD, Jr., P.J., and HOFF, J., concur.