Pamela FRICK, Respondent,

v.

DIRECTOR OF REVENUE, State of Missouri, Appellant.

No. ED 82641.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 9, 2003.

Michael McAvoy, Fenton, MO, for respondent.

Tiffany Kieffer, Cheryl Nield (co-counsel), Clayton, MO, for appellant.

## OPINION

GLENN A. NORTON, Presiding Judge.

The Director of Revenue appeals from the judgment reinstating Pamela Frick's driver's license. We reverse and remand.

## I. BACKGROUND

The Director suspended Frick's driving privileges under section 302.505 RSMo Cum.Supp.2001,[1] for driving with a blood-alcohol concentration of .08% or more. Frick requested a trial *de novo*. At the trial *de novo*, the arresting officer testified that he received a call from dispatch that a possible drunk driver in a white pickup truck was in the officer's area. The officer testified that he observed Frick driving a white pickup truck erratically within Brentwood's city limits. Testimony of Frick's investigator and cross-examination of the officer revealed that, based on the officer's location, it may have been impossible for the officer to have observed Frick driving within Brentwood.

It is uncontroverted, however, that when the officer pulled Frick over, he noticed that her breath had a strong order of alcohol, that her eyes were bloodshot and somewhat glassy and that her speech varied from slurred to incomprehensible to comprehensible. The officer further testified that Frick failed four of six gaze nystagmus tests, failed three of four one-leg stand tests and failed all but once on the walk-and-turn test. In fact, the walk-and-turn test had to be stopped prematurely because Frick almost fell. Frick testified that she was not able to perform the one-legged stand test and the walk-and-turn test while wearing clogs on her feet. Frick also testified that before driving her vehicle, she had consumed one margarita and may have started a second one.

The officer arrested Frick for driving while intoxicated, citing a Brentwood ordinance. The commissioner found:

(1) That . . . the arresting officer did not have probable cause to arrest Petitioner for driving while intoxicated or an alcohol-related traffic offense; and that Petitioner had a blood alcohol concentration of .08% or more by weight. (see other)

. . . .

(other) Insufficient credible evidence of observation of Petitioner in Brentwood city limits.

Based on these findings, the commissioner recommended that Frick's driving privileges be reinstated and the suspension removed from her driving record. The

---

1. All further statutory references are to RSMo Cum.Supp.2001.

circuit court adopted and confirmed the findings and recommendations. The Director appeals.

## II. DISCUSSION

■ We will affirm the trial court's judgment unless there is no substantial evidence to support it, unless the decision is contrary to the weight of the evidence, or unless the trial court erroneously declares or applies the law. *Hinnah v. Director of Revenue*, 77 S.W.3d 616, 620 (Mo. banc 2002). In determining if there is substantial evidence, we defer to the ability of the trial court to ascertain the facts and to judge the credibility of the witnesses. *Thurmond v. Director of Revenue*, 759 S.W.2d 898, 899 (Mo.App. E.D. 1988). The Director argues that there was substantial evidence that the officer had probable cause to arrest Frick. Frick argues that it is factually impossible for the arresting officer to have probable cause to arrest Frick for driving while intoxicated, in violation of a Brentwood ordinance, when the trial could found that the officer never observed her in Brentwood—a finding not challenged on appeal.[2] The trial court apparently agreed with this in holding that there was no probable cause to arrest Frick, but we agree with the Director.

■ To suspend a license under section 302.505, the Director must show by a preponderance of the evidence that the arresting officer had probable cause to arrest the driver for driving while intoxicated and that the driver's blood alcohol content exceeded the legal limit at the time of arrest.[3] *Trumble v. Director of Revenue*, 985 S.W.2d 815, 817 (Mo.App. E.D.1998). Probable cause to arrest exists when circumstances and facts would warrant a person of reasonable caution to believe that an offense has been committed. *Kleffner v. Director of Revenue*, 956 S.W.2d 446, 448 (Mo.App. E.D.1997). It is not necessary for the officer to actually observe the person driving to have probable cause to arrest for driving while intoxicated. *Id.* Circumstantial evidence may be relied on when driving is not actually observed. *Id.* Also, an officer may rely on information provided by citizen eyewitnesses. *Jarvis v. Director of Revenue*, 92 S.W.3d 301, 305 (Mo.App. E.D.2002).

Here, the officer received a dispatch call relaying a citizen's report that a possible drunk driver was traveling near the officer's location. Although the officer did not witness Frick driving in Brentwood, there is no dispute that he observed her driving just outside of Brentwood. Also, the evidence is uncontroverted that when the officer pulled Frick over, she smelled of alcohol, had glassy, bloodshot eyes and slurred speech and performed poorly on field sobriety tests. We may not disregard this uncontroverted evidence, which supports a finding of probable cause and the Director's determination that all elements for an administrate suspension of driving privileges were proven. *See Brown v. Director of Revenue*, 85 S.W.3d 1, 7 (Mo. banc 2002) (when evidence supporting revocation is uncontroverted and the trial court has not specifically found the director's witness incredible, appellate courts will not presume that the trial judge found a lack of credibility and will not affirm on that basis); *see also Roach v. Director of Revenue*, 941 S.W.2d 27, 30–31 (Mo.App. S.D.1997) (officer had probable cause to arrest when driver smelled of

---

2. Frick argued at trial that she came through Brentwood, but that the officer did not observe her until she was outside of Brentwood.

3. It is uncontroverted that Frick's blood alcohol concentration was .089%, in excess of the statutory limit. *See* section 302.505.1.

alcohol, had bloodshot eyes, slightly slurred speech and failed three sobriety tests).

 It is not necessary to find a proper arrest on the ordinance violation in order to suspend Frick's license. In *Keaveny v. Director of Revenue,* the petitioner was arrested for violating a Ballwin ordinance for driving while intoxicated. 962 S.W.2d 904, 905 (Mo.App. E.D.1998). The trial court found that there was no credible evidence that the petitioner's driving violations occurred in Ballwin and reinstated the petitioner's license. *Id.* This Court held that the trial court's finding should not preclude the Director from establishing probable cause for petitioner's arrest. *Id.* at 906. We explained that "under the suspension statute, the Director was not required to prove whether petitioner's arrest pursuant to a Ballwin ordinance was valid." *Id.; see also Halmich v. Director of Revenue,* 967 S.W.2d 693, 696 (Mo.App. E.D.1998) (whether ordinance violation was valid is an issue independent of suspension procedures and does not affect it); *see also Kleffner,* 956 S.W.2d at 448 (probable cause existed to arrest driver for driving while intoxicated in violation of a Ballwin ordinance, even though arresting officer did not observe driver in Ballwin, when driver was stopped outside of Ballwin because his vehicle matched description of one that was involved in accident in Ballwin and driver smelled of alcohol, had bloodshot eyes and failed three of four field sobriety tests).

 Therefore, even if the officer did not have probable cause to stop or arrest Frick under the Brentwood ordinance, that would not necessarily defeat the suspension of her license under section 302.505. Probable cause may be developed after the driver has been stopped, and there is no

requirement in chapter 302 that the Director demonstrate that the *stop* was lawful or based on probable cause. *Smith v. Director of Revenue,* 56 S.W.3d 464, 467 (Mo.App. S.D.2001), *overruled on other grounds by Verdoorn v. Director of Revenue,* 119 S.W.3d 543 (Mo. banc 2003); *Gordon v. Director of Revenue,* 896 S.W.2d 737, 740 (Mo.App. E.D.1995). Thus, the Director was entitled to have the evidence obtained after the stop considered for purposes of determining whether there was probable cause to arrest Frick and suspend her license. *See generally Riche v. Director of Revenue,* 987 S.W.2d 331, 336 (Mo. banc 1999); *see also Kimber v. Director of Revenue,* 817 S.W.2d 627, 632 (Mo.App. W.D.1991).

When all the evidence is considered, it supports a finding of probable cause to arrest Frick and to suspend her driving privileges. The trial court's holding to the contrary was not supported by substantial evidence.

Point granted.

### III. CONCLUSION

The judgment of the trial court is reversed. The case is remanded to the trial court with directions to enter a judgment reinstating the suspension of Frick's driving privileges.[4]

KATHIANNE KNAUP CRANE, J., and MARY K. HOFF, J., concurring.

---

4. Frick's motion to strike the Director's statement of facts is denied.