Curtis HAMOR, Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Appellant.

No. ED 83691.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 28, 2004.

Cheryl Caponegro Nield, Assistant Attorney General, Jefferson City, MO, for appellant.

Curtis Hamor, St. Louis, MO, pro se.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

The Director of Revenue ("Director") appeals the judgment of the Circuit Court of the City of St. Louis reinstating Curtis Hamor's driver's license. On appeal, the Director contends that she made a prima facie case for the revocation of Hamor's driving privileges and, therefore, the trial court erred in granting Hamor's motion for a directed verdict at the close of the Director's case. We reverse and remand for further proceedings.

### Statement of the Facts and Proceedings Below

On the evening of December 7, 2002, Officer Daniel Kim ("Officer Kim") was dispatched to the scene of an accident with injuries at 2000 Cherokee in the City of St. Louis. While en route, the dispatcher advised Officer Kim of reports that a white male had exited one of the vehicles involved in the accident and walked west on Cherokee towards the intersection of Cherokee and Wisconsin. When Officer Kim arrived at the scene of the accident,

he found that another officer had already responded and apprehended the white male, later identified as Hamor, one-half block from the accident scene.

At the scene of the accident, the officers found a Cadillac and a blue pickup truck both with front-end damage. Officer Kim spoke with a witness who explained that he heard crashing sounds, looked out the window and saw a white male exit one of the vehicles and walk away from the scene of the accident. The witness also explained that, a short time after the accident, he saw a woman get into the pickup and drive down the street to the intersection of Cherokee and Wisconsin. After running the vehicles' plates, Officer Kim discovered that the pickup truck was registered to Hamor.

In speaking with Hamor, Officer Kim noticed that Hamor had bloodshot, watery eyes, and dilated pupils. Officer Kim also noted that Hamor swayed as they spoke and his breath smelled of alcohol. Hamor admitted to drinking five beers. As a result, Officer Kim asked Hamor to submit to a field sobriety test. Hamor could not successfully complete the field sobriety test. In light of Hamor's poor performance on the sobriety test as well as his appearance and odor, Officer Kim arrested Hamor and transported him to the Mounted Patrol in Forest Park.

At the Mounted Patrol station, Officer Terrance Dupree ("Officer Dupree") read Hamor the Missouri Implied Consent Law and further questioned him regarding the events of the evening. During the interview, Hamor admitted to driving a vehicle and being involved in an accident. Despite being informed of the consequences of failing to submit to a blood alcohol test, when Officer Dupree asked Hamor to submit to a breath test, Hamor refused.

Accordingly, the Director revoked Hamor's driving privileges for one year for refusing to take a breathalyzer test pursuant to section 577.041 RSMo 2000.[1] Hamor filed his Petition for Review and Stay in the Circuit Court of the City of St. Louis. At the hearing, the Director called Officers Kim and Dupree to testify both of whom Hamor cross-examined. When the Director rested, Hamor did not present any evidence. Instead, Hamor asked the court for a directed verdict based on the Director's alleged failure to make her *prima facie* case. The court granted Hamor's motion and ordered the Director to reinstate Hamor's driving privileges.[2] This appeal followed.

### Standard of Review

We review the reinstatement of Hamor's driver's license pursuant to the standard set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We will affirm the judgment of the trial court unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Hinnah v. Director of Reve-*

1. All further statutory references are to RSMo 2000 unless otherwise noted.

2. As a preliminary matter, we note that the trial court entered judgment in this case after Hamor moved for a directed verdict at the close of the Director's case. Notably, however, this was a judge-tried case and there was no jury to direct. As our colleagues in the Southern District recently reiterated, a motion for directed verdict has no function in a trial without a jury and, as such, when coun-sel erroneously moves for directed verdict in a court-tried case, the trial court should construe the motion as a submission of the case for determination on the merits pursuant to Rule 73.01(b). *Spry v. Director of Revenue*, 144 S.W.3d 362, 367 (Mo.App. S.D.2004). Rule 73.01(b) authorizes a defendant to assert that upon the facts and the law the plaintiff is not entitled to relief at the conclusion of plaintiff's evidence in a court-tried case.

*nue,* 77 S.W.3d 616, 620 (Mo. banc 2002). We accept as true all evidence and inferences in favor of the prevailing party and disregard contrary evidence. *Kimber v. Director of Revenue,* 817 S.W.2d 627, 630 (Mo.App. W.D.1991). Under this standard, we cannot disregard uncontroverted evidence that all of the elements of the Director's *prima facie* case have been met. *Zimmerman v. Director of Revenue,* 72 S.W.3d 634, 636 (Mo.App. S.D.2002).

### Discussion

■ In her sole point on appeal, the Director contends that the trial court erred when it granted Hamor's motion for a directed verdict and reinstated Hamor's driving privileges.[3] Specifically, the Director argues that the trial court improperly granted Hamor's motion for a directed verdict based on its determination that the Director failed to prove that Hamor was actually driving.

■■ As a general matter, the Director has the burden of proving, by a preponderance of the evidence, a prima facie case for the suspension of a person's driving privileges. Specifically, the Director has to demonstrate that: (1) the person was arrested or stopped; (2) the officer had reasonable grounds to believe that the person was driving a motor vehicle while in an intoxicated condition; and (3) the person refused to submit to the test. Section 577.041.4 RSMo. *Hockman v. Director of Revenue,* 103 S.W.3d 382, 384 (Mo.App. W.D.2003). Once the Director makes a prima facie case, the driver has the burden to rebut the case. *Roberts v. Wilson,* 97 S.W.3d 487, 492 (Mo.App. W.D.2002).

■ Review of both the transcript and the records demonstrate that Hamor was arrested and later refused to submit to a breath test. Accordingly, the sole remaining issue for the trial court was whether the officers had reasonable grounds to believe that Hamor was driving a motor vehicle while in an intoxicated condition. To make a submissible case and shift the burden of rebuttal to Hamor, the Director needed to show only that the officer had reasonable grounds to believe that Hamor was driving while intoxicated rather than that Hamor was actually driving or was actually intoxicated. See *Hinnah,* 77 S.W.3d at 622. Accordingly, when the trial court granted Hamor's motion and reinstated his driver's license on the basis that the Director failed to prove Hamor was actually driving, it erroneously declared and applied the law.

■ In the context of driver's license revocation cases, "reasonable grounds" is virtually synonymous with "probable cause." *Rain v. Director of Revenue,* 46 S.W.3d 584, 587 (Mo.App. E.D.2001). "Probable cause to arrest exists when the arresting officer's knowledge of the particular facts and circumstances is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *Hinnah,* 77 S.W.3d at 621, citing *State v. Tokar,* 918 S.W.2d 753, 767 (Mo. banc 1996). We determine whether the officer had probable cause by viewing the situation as it would have appeared to the prudent, cautious and trained police officer. *Brown v. Director of Revenue,* 85 S.W.3d 1, 3–4 (Mo. banc 2002).

Given this standard, there is ample evidence in the record to justify the officers' reasonable belief that Hamor was intoxicated. Specifically, when officers arrived at the scene, they noted that Hamor had bloodshot, watery eyes, and dilated pupils. Hamor swayed as he spoke with the officers and his breath smelled strongly of alcohol. Furthermore, Hamor admitted to

---

**3.** Hamor did not file a responsive brief.

drinking five beers and failed a field sobriety test.

 Likewise, the officers' belief that Hamor was driving was also reasonable given the circumstances. It is not necessary for the officer to actually observe the person driving to establish probable cause to arrest for driving while intoxicated. *Kleffner v. Director of Revenue*, 956 S.W.2d 446, 448 (Mo.App. E.D.1997). When driving is not actually observed, an officer may rely on circumstantial evidence to form probable cause. *Id.* Moreover, an officer can rely on information provided by eyewitnesses. *Jarvis v. Director of Revenue*, 92 S.W.3d 301, 305 (Mo.App. E.D. 2002). Here, a witness identified Hamor as the white male who exited one of the vehicles after the accident.[4] Hamor was found walking within one half block of the scene of the accident and the blue pickup truck involved in the accident was registered to Hamor. In light of these facts, the Director made a prima facie case for revocation and the trial court erred in granting Hamor's motion for directed verdict at the close of the Director's case instead of first shifting the burden of rebuttal to Hamor.

### Conclusion

The judgment of the trial court is reversed and the cause is remanded to allow Hamor the opportunity to present evidence to rebut the Director's prima facie case.

KATHIANNE KNAUP CRANE and ROBERT G. DOWD, JR., JJ., concur.

---

4. To the extent that the witness's statement was offered to illustrate the basis for the officers' reasonable belief that Hamor was driving and was not offered as proof that Hamor was, in fact, driving, the statement was not hearsay and was admissible. *Jarvis*, 92 S.W.3d at 305.