Neal Owen **MITCHELL**, Respondent,

v.

**DIRECTOR OF REVENUE**, State of Missouri, Appellant.

No. 28193.

Missouri Court of Appeals, Southern District, Division One.

April 16, 2008.

Motion for Rehearing or Transfer to Supreme Court Denied May 7, 2008.

Application for Transfer Denied June 24, 2008.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Jefferson City, MO, for appellant.

David J. Riesenmy, Joplin, MO, for respondent.

JOHN E. PARRISH, Presiding Judge.

The Director of Revenue (the director) appeals a judgment that rescinded the suspension of Neal Owen Mitchell's (petitioner) driver's license. This court affirms.

Trooper Grant Hendrix of the Missouri State Highway Patrol was notified of an injury accident that occurred on private property in Newton County. Trooper Hendrix went to the scene where the accident occurred. He saw petitioner lying on his back in a field enclosed by a barbed wire fence. Fire and ambulance personnel were with petitioner. Petitioner told Trooper Hendrix that he had "laid a motorcycle over in the field."

Trooper Hendrix observed a strong odor of intoxicants on petitioner's breath. Petitioner's eyes were glassy and bloodshot. His speech was slurred. He admitted that he had consumed a few beers. Petitioner was immobilized on a backboard and transported to a hospital by ambulance. There was no motorcycle in the field when Trooper Hendrix arrived. Petitioner's son told Trooper Hendrix that he had moved the motorcycle to a garage.

Trooper Hendrix went to the emergency room of the hospital where petitioner was taken. He again talked to petitioner. Petitioner said he had been drinking. The trooper performed two field sobriety tests while petitioner was lying in a hospital bed. Petitioner successfully completed one test and failed one. A blood test was performed. Petitioner's blood alcohol content was 0.165 percent. Petitioner was issued citations for driving while intoxicated and for careless and imprudent driving. Trooper Hendrix said that the citation for careless and imprudent driving was later

voided "[b]ecause it was wrong." He explained this was "because it was in a field." Trooper Hendrix acknowledged that there was no evidence that the motorcycle petitioner was riding was traveling anywhere other than inside the enclosed fence.

Following receipt of the arresting officer's report mandated by § 302.510,[1] the director suspended petitioner's driver's license as provided by § 302.505. An administrative hearing was held as permitted by § 302.530, after which the suspension was sustained.

A trial de novo was held, see § 302.535, in the Circuit Court of Jasper County. The circuit court entered judgment in favor of petitioner. It ordered the suspension of petitioner's driver's license rescinded.

The director presents one point on appeal. She argues that the trial court erred in rescinding the suspension of petitioner's driving privileges. The director's point on appeal alleges, inter alia, that "the motorcycle [petitioner] was driving was an off-road bike, or dirt bike, designed primarily for use on highways and whose primary function is to transport persons from one place to another;" that "a dirt bike even when being driven by an intoxicated person off the highway creates a danger to the driver and others off-the-road." Petitioner refutes the director's assertion by arguing that the motorcycle he was riding is not a motor vehicle for purposes of § 302.505; that it does not meet the definitions for "motor vehicle" set forth in § 302.010(9) or "vehicle" set forth in § 302.010(23). This court finds this issue determinative; that § 302.505, the statute on which the director based the suspension of petitioner's driver's license, does not extend to the motorcycle petitioner was riding when not operated on a highway;

1. References to statutes are to RSMo 2000.

that petitioner's use of the motorcycle at the location where it was used did not constitute "driving a motor vehicle" for purposes of § 302.505.1.

Section 302.505.1 states as applicable here:

The department shall suspend or revoke the license of any person upon its determination that the person was arrested upon probable cause to believe such person *was driving a motor vehicle* while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight, based on the definition of alcohol concentration in section 302.500, . . . . [Emphasis added.]

Section 302.010(9) and (23), respectively, defines "motor vehicle" and "vehicle" as follows:

(9) "**Motor vehicle**", any self-propelled vehicle not operated exclusively upon tracks except motorized bicycles, as defined in section 307.180, RSMo;

. . .

(23) "**Vehicle**", any mechanical device on wheels, *designed primarily for use, or used on highways,* except motorized bicycles, vehicles propelled or drawn by horses or human power, or vehicles used exclusively on fixed rails or tracks, or cotton trailers or motorized wheelchairs operated by handicapped persons. [Emphasis added.]

Thus, in order for § 302.505.1 to apply, petitioner must have been driving a self-propelled mechanical device on wheels designed primarily for use on highways or a self-propelled mechanical device on wheels on a highway. *See Stonger ex rel. Stonger v. Riggs,* 85 S.W.3d 703, 707–08 (Mo.App. 2002).

The director conceded both in her appellant's brief and at oral argument that petitioner was not operating the motorcycle on a highway. The issue for determination is whether the motorcycle petitioner was operating was designed primarily for use on highways.

Trooper Hendrix identified the motorcycle that petitioner was operating as a 1998 Yamaha XT225 that he characterized as an "off-road bike." He testified that it was not designed for road use. It had no license plate.

Petitioner told the trial court that the bike was like a motocross bike; that it was not made for going on the highway. It had knobby tires. It had a kick start, not a key start. It had no windshield. He said it was not a street legal motorcycle.

In her challenge to the trial court rescinding petitioner's driver's license suspension, the director relies on *Covert v. Fisher,* 151 S.W.3d 70 (Mo.App.2004), and *State v. Laplante,* 148 S.W.3d 347 (Mo. App.2004). *Covert* upheld the suspension of a driver's license for having operated a golf cart while intoxicated on streets of a private subdivision. *Covert* held that the private subdivision road on which the golf cart was operated was a public highway. On that basis, the golf cart met the definition of "vehicle" in § 302.010(23); it was used on a highway. Petitioner did not use the dirt bike that was involved in his accident on the highway. *Covert* is of no assistance to the director's position.

■ *Laplante* also differs from petitioner's case. First, it is not an appeal of a license suspension, but an appeal of a criminal conviction for driving while intoxicated. The definition of motor vehicle varies with respect to the particular statute that applies to the issue for determination. "[W]hat may be considered a 'motor vehicle' for one statute may not be considered a 'motor vehicle' for another." *Stonger ex rel. Stonger v. Riggs,* 85 S.W.3d at 708. *See also Trailiner Corp. v. Director of Revenue,* 783 S.W.2d 917, 921 (Mo.banc

1990). Second, as in *Covert*, the machine that resulted in the driving while intoxicated conviction, a mini-bike, was being ridden on a public highway. *Laplante* is of no assistance to the director.

Whether a motorized device is classified as a motor vehicle for purposes of § 302.505 is a question of law. *See Burrell ex rel. Schatz v. O'Reilly Automotive, Inc.*, 175 S.W.3d 642, 658 (Mo.App. 2005). This court concludes that for purposes of § 302.505, the motorcycle petitioner was riding does not fit the category of a motor vehicle as that term is defined in the applicable definition section, § 302.010(9) and (23), in that it was not designed primarily for use on highways nor was it used on a highway by petitioner. The director's point on appeal is denied. The judgment of the trial court rescinding the suspension of petitioner's driver's license is affirmed.

BATES and SCOTT, JJ., concur.