**Salvador LARA, Jr., Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 75989.**

Missouri Court of Appeals,
Western District.

Oct. 15, 2013.

Scott C. Hamilton, Lexington, for Respondent.

Daniel N. McPherson, Jefferson City, for Appellant.

Before Division I: VICTOR C. HOWARD, Presiding Judge, JOSEPH M. ELLIS, Judge and ANTHONY REX GABBERT, Judge.

VICTOR C. HOWARD, Judge.

The Director of Revenue appeals from the trial court's judgment reinstating the driving privileges of Salvador Lara, Jr. Director argues that the trial court erroneously declared and applied the law in finding that the arresting officer did not have probable cause to believe that Lara was operating the vehicle. The trial court's

judgment is reversed, and the case is remanded.

## Factual and Procedural Background

Following Lara's arrest for driving while intoxicated, the Director of Revenue suspended his driving privileges pursuant to section 302.505.[1] Thereafter, Lara filed a petition for trial de novo. The following evidence was presented at the hearing.

At approximately 2:55 a.m. on June 2, 2012, Highway Patrol Trooper Elizabeth Lusk was on patrol in Higginsville when she noticed a car parked in a driveway with the rear lights on. She stopped her patrol car and observed no movement in or around the car. She made a M.U.L.E.S. inquiry and discovered the vehicle was registered to a Raul Elizarraras, whose address was listed as 716 W. Broadway, Higginsville, Missouri. Based on the time of night, lack of movement around the car, and the fact the vehicle was registered to an owner living at a different address, she decided to investigate further, activated her rear emergency equipment, and approached the car.[2] When she did, she saw that the engine was running and that Lara appeared to be sleeping or slumped over in the driver's seat. Trooper Lusk tapped on the door, and Lara woke up, looked around in a confused manner, and turned the engine off. Lara rolled down the window, and the trooper asked where he was coming from. He answered that he had driven from his girlfriend's house and that he lived at the house where he was parked.

Trooper Lusk smelled intoxicants and asked Lara to exit the vehicle and submit to field sobriety tests. Lara agreed, and Trooper Lusk administered the horizontal gaze nystagmus (HGN), the walk-and-turn, and one-leg stand tests. She also administered alphabet and counting tests. Based on the odor of alcohol on Lara and his performance on the field sobriety tests, Trooper Lusk determined that Lara was under the influence of alcohol and arrested him for driving while intoxicated. A subsequent breath test revealed a blood alcohol content of .115 of one percent.

On cross-examination of the trooper, Lara challenged how the field sobriety tests were administered, Trooper Lusk's memory of administering them, and the results.

Lara testified at the hearing that he was listening to music in the car because he did not have a stereo in his house. He said that the car was running because the car had died the previous night when he was listening to music and he didn't want that to happen again. Lara said that he went to his girlfriend's house after work and then bought a 12–pack of beer on the way home. He drank a few beers inside his house, went outside to listen to music in his car, and fell asleep. He testified that he was in his car a couple of hours before Trooper Lusk approached him.

Following the hearing, the trial court entered its judgment reinstating Lara's driving privileges finding that Director failed to meet his burden of proving that the trooper had probable cause to arrest Lara for an alcohol-related offense where Lara was asleep in a vehicle in his own driveway and simply turned off the ignition. This appeal by Director followed.

## Standard of Review

 In a driver's license suspension case, the judgment of the trial court will be

---

1. All statutory references are to RSMo Cum. Supp.2012 unless otherwise indicated.

2. Obviously, this is not a case where the officer enters upon private property after observing a car in the driveway that is registered to a person listing that address as the owner's residence.

affirmed on appeal unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *White v. Dir. of Revenue*, 321 S.W.3d 298, 307–08 (Mo. banc 2010); *Collins v. Dir. of Revenue*, 399 S.W.3d 95, 98 (Mo.App. W.D. 2013). When a particular issue is contested, the nature of appellate review is directed by whether the matter contested is a question of fact or law. *White*, 321 S.W.3d at 308. Where the facts relevant to an issue are contested, deference is given to the trial court's assessment of that evidence. *Id.; Collins*, 399 S.W.3d at 98. "Appellate courts defer to the trial court on factual issues because it is in a better position not only to judge the credibility of witnesses and the persons directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record." *White*, 321 S.W.3d at 308–09 (internal quotes and citation omitted). "It is only when the evidence is uncontested that no deference is given to the trial court's findings." *White*, 321 S.W.3d at 308. In that case, the only question before the appellate court is whether the trial court drew the proper legal conclusions from the facts. *Id.*

### Analysis

In the sole point on appeal, Director contends that the trial court erroneously declared and applied the law in finding that the arresting officer did not have probable cause to believe that Lara was operating the vehicle.

▉▉▉ The Director shall suspend a driver's license upon determination that the person was arrested upon probable cause to believe he was driving a motor

vehicle with a blood alcohol concentration of at least eight-hundredths of one percent by weight. § 302.505.1. In reviewing the suspension of a driver's license under section 302.505.1, the trial court is to determine whether the suspension is supported by a preponderance of the evidence that: (1) the driver was arrested on probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit of .08 percent. *White*, 321 S.W.3d at 309 n. 11.[3] Probable cause to arrest a driver for an alcohol-related offense "will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist." *Id.* (quoting *Brown v. Dir. of Revenue*, 85 S.W.3d 1, 4 (Mo. banc 2002))(internal quotes and citation omitted). The term "driving" in section 302.505 is defined in section 577.001.2. *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550 (Mo. banc 2003). It means "physically driving or operating a motor vehicle." § 577.001.2. Because the term "operating" is not further defined by statute, its plain and ordinary meaning is derived from the dictionary. *Cox*, 98 S.W.3d at 550. "The dictionary defines operate as to cause to function usually by direct personal effort: work (~ a car).'" *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1581 (1993)).

In *Cox v. Director of Revenue*, a police officer discovered the driver sleeping or unconscious, sitting in the driver's seat behind the wheel of a vehicle, in the parking lot of a gas station. 98 S.W.3d at 549. He was the only person in or around the car, and the keys were in the ignition, the motor was running, and the shift lever was in park. *Id.* The Missouri Supreme Court

---

**3.** "[T]here is no requirement in chapter 302 that the Director demonstrate that the *stop* was lawful or based on probable case." *Frick*

*v. Dir. of Revenue*, 133 S.W.3d 66, 69 (Mo. App. E.D.2003).

found that the driver was operating the car, "as he caused its motor to function." *Id.* at 550. The Court further explained, "Once the key is in the ignition, and the engine is running, an officer may have probable cause to believe that the person sitting behind the wheel is operating the vehicle. This is true even if that person is sleeping or unconscious." *Id.* (internal citations omitted). Thus, the Supreme Court held that the police officer had probable cause to believe the driver was operating the vehicle. *Id.* at 550–551. Because no other issues were contested, the Court found that the Director properly suspended the driver's license and the trial court erroneously declared and applied the law in reinstating it. *Id.* at 551.

■ As in *Cox*, the uncontested facts in this case showed that Trooper Lusk found Lara sleeping or unconscious in the driver's seat of the car with the rear lights on and the engine running. Such evidence showed that Lara caused the car to function and gave the trooper probable cause to believe that Lara was operating the vehicle. The trial court, therefore, erroneously declared and applied the law.

■ Lara argues that the trial court's judgment should be construed as finding a lack of probable cause based on the cross-examination of Trooper Lusk, which raised questions about whether she properly administered the field sobriety tests. He contends that the field sobriety tests were strongly contested at trial and, under the standard of review, this court must defer to the trial court's assessment of that evidence and uphold its judgment. Lara is correct that where there are no written findings of fact or conclusions of law, the evidence "shall be considered as having been found in accordance with the result reached." Rule 73.01(c); *White*, 321 S.W.3d at 305. But here, the trial court did issue findings and conclusions. At the

beginning of the hearing, the attorney for Director made a request for "findings of fact and conclusions of law in this particular case." She further stated, "And I do have a form that I think would contain any possible controverted issues that we might have in this case."

Rule 73.01(c) provides, in pertinent part:

> If a party so requests, the court shall dictate to the court reporter or prepare and file a brief opinion containing a statement of the grounds for its decision and the method of deciding any damages awarded.

Director's request was sufficient to require the trial court to identify the "grounds for the decision" under Rule 73.01(c). *Rohner v. Beets*, 396 S.W.3d 458, 459 n. 1 (Mo.App. W.D.2013). In accordance with the Director's request, the trial court used the pre-printed form provided by the Director's attorney, which is styled "Findings of Fact, Conclusions of Law and Judgment," marked several boxes on the form, inserted some language on a pre-printed line relative to probable cause, and added three short paragraphs at the end of the form. Overall, the form stated the following reasons for setting aside the suspension of Lara's driving privilege:

> There was not probable cause to arrest Petitioner for an alcohol-related traffic offense, in that Petitioner was asleep in a vehicle in his own driveway; the Director failed to meet the burden of persuasion as required under *White v. Director of Revenue*, 321 S.W.3d 298 (Mo. banc 2010).

> There was not probable cause to arrest the Petitioner for an alcohol related traffic offense in that the Director's evidence that the officer observed the Petitioner operate a motor vehicle in a unusual or illegal manner failed to meet

the burden of persuasion as required under *White v. Director of Revenue,* 321 S.W.3d 298 (Mo. banc 2010).

There was not probable cause to arrest the Petitioner for an alcohol related traffic offense in that the Director's evidence failed to meet the burden of persuasion as required under *White v. Director of Revenue,* 321 S.W.3d 298 (Mo. banc 2010).

Petitioner was asleep in a vehicle in his own driveway, simply turned the ignition off; the Court finds that the Director failed to meet the burden of persuasion as required under *White v. Director of Revenue,* 321 S.W.3d 298 (Mo. banc 2010).

■ The trial court's conclusion discussed only the issue of whether the trooper had probable cause to believe Lara was operating a motor vehicle. Consequently, the trial court did not make findings regarding the credibility of the evidence on the second part of probable cause—indicia of intoxication. Thus, because the facts were contested on that issue, remand is necessary for such findings.[4] *See Collins v. Dir. of Revenue,* 399 S.W.3d 95, 102–03 (Mo.App. W.D.2013)(where trial court erroneously excluded the BAC test results, it never evaluated the credibility of that evidence; therefore, the trial court's judgment was reversed and remand was necessary for trial court to determine credibility of the evidence and the weight to be given it and for entry of judgment); *Weiser v. Dir. of Revenue,* 987 S.W.2d 496, 497 (Mo. App. E.D.1999) (where trial court based judgment on erroneous conclusions of law and did not make any credibility determi-

nations on the issue of probable cause, remand was necessary for such determinations in view of the driver's testimony refuting the police officer's testimony regarding field sobriety tests). Through cross-examination of the trooper and by argument of counsel, Lara contested many aspects of the administration of the field sobriety tests. On remand, the "trial court is free to disbelieve any, all or none" of the evidence that was presented by Director to determine whether Director met his burden of persuasion regarding indicia of intoxication. *White,* 321 S.W.3d at 308. No additional evidence will be necessary for the trial court to make its findings regarding indicia of intoxication.

The judgment of the trial court is reversed, and the case is remanded for further proceedings consistent with this opinion.

All concur.

---

4. Part of the problem with the trial court's judgment appears to stem from its use of the Director's pre-printed form of "Findings of Fact, Conclusions of Law and Judgment." A pre-printed form is not particularly conducive to the entry of appropriate findings and conclusions in cases such as this. Better practice would suggest that the trial court prepare its own findings and conclusions, or request counsel for the respective parties to prepare and submit draft findings and conclusions for the court to work from in entering its judgment.