

# In the Missouri Court of Appeals
## Eastern District
### DIVISION THREE

| | | |
|---|---|---|
| LANE WILLIAMS, | ) | No. ED100862 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of Gasconade County |
| vs. | ) | |
| | ) | Hon. John B. Berkemeyer |
| DIRECTOR OF REVENUE, | ) | |
| | ) | Filed: |
| Appellant. | ) | October 21, 2014 |

Lane Williams had her driver's license suspended after being arrested for driving while intoxicated. After a trial de novo, the trial court reinstated Williams's license, and the Director of Revenue appeals.

The trooper who arrested Williams was the only witness at trial. He testified that Williams said she had been driving on a "private driveway" when she ran off the road, crashed into a tree and overturned the car into a ditch. According to the trooper, there was no indication that Williams had been on the public roadway; the nearest public road was approximately one hundred feet from the private driveway. Williams was driving a Ford Escape, which the trooper testified was a car capable of being operated on the highways. The trial court found that because Williams was not operating a motor vehicle on a "public roadway or highway," the statute authorizing suspension of her license, Section 302.505, was not applicable. The court set aside the suspension. On appeal, the Director argues that the trial court erred as a matter of law in concluding that the motor vehicle must be operated on a "highway" for the statute to apply. Williams has filed no responsive brief. We review this question of law, about which there are no

contested facts, de novo. See White v. Director of Revenue, 321 S.W.3d 298, 307-09 (Mo. banc 2010); see also Mitchell v. Director of Revenue, 255 S.W.3d 12, 15 (Mo. App. S.D. 2008).

Section 302.505 provides for administrative suspension of a driver's license when the driver has been arrested for "driving a motor vehicle" while intoxicated. Section 302.505.1. There is nothing in this provision specifying that the person must be driving the motor vehicle on the highway or anywhere in particular. Rather, the word "highway" is only found in the definition of "vehicle." A "vehicle" is "any mechanical device on wheels, designed primarily for use, *or* used on highways"; a "motor vehicle" is "any self-propelled vehicle not operated exclusively upon track." Section 302.010 (10) and (25) (emphasis added). Thus, there are two categories of vehicles within the purview of the suspension statute: those designed for use on the highway and those which, despite not being designed for such use, are actually used on the highways at the time of the culpable event. Because these categories are stated in the disjunctive—"designed primarily for use, or used on highways"—it is clear that the vehicle need not be both designed for and used on the highway for the statute to apply. In this case, there was no dispute at trial that Williams's car fit in the first category: it is a self-propelled mechanical device on wheels designed for use on the highways. Thus, it was not necessary in this case to prove that, in addition to being designed for use on highways, Williams's car was also actually being used on a highway at the time of the incident.

The case on which the trial court relied is not on point. There the vehicle we were considering was a golf cart, which fell into the second category of vehicles: one that was not designed for use on the highway, but was being used on the highway at the time of the arrest. Covert v. Fisher, 151 S.W.3d 70, 74 (Mo. App. E.D. 2004). Covert, and other cases discussing when drivers of non-traditional vehicles are subject to the suspension statute, do not apply to cases like this involving a car or other traditional vehicle that is designed for use on the highway.

Persons driving traditional motor vehicles while intoxicated are subject to suspension under the statute whether the driving occurs on a highway or not.

Case law interpreting Section 577.010—which makes "driving while intoxicated" a crime—are in accord. "The *corpus delicti* of driving while intoxicated consists of evidence that someone operated a motor vehicle while they were intoxicated," and "[t]here is no requirement that it be either alleged or proved that the vehicle was operated by the accused on a public road or highway." State v. Hill, 812 S.W.2d 204, 209 (Mo. App. W.D. 1991) (driver found behind wheel of truck with motor running in driveway).

Because the trial court's judgment erroneously declares and applies the law, it must be reversed. The judgment did not include any findings or conclusions regarding the indicia of intoxication about which the trooper had testified and was cross-examined.[1] Because the court made no findings as to the trooper's credibility on these issues—which the Director had specifically requested at the outset of trial—we must remand. On remand, the trial court is free to disbelieve any, all or none of the evidence that was presented by the Director to determine whether the burden of persuasion regarding Williams's intoxication has been met. See Lara v. Director of Revenue, 411 S.W.3d 347, 352 (Mo. App. W.D. 2013). No additional evidence should be necessary for the trial court to make that determination.

The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

ROBERT G. DOWD, JR., Judge

Kurt S. Odenwald, P.J. and
Gary M. Gaertner, Jr., J., concur.

---

[1] The trooper testified regarding the various indicia of intoxication he observed about Williams, the clues of intoxication he found after administering field sobriety tests, the circumstances surrounding the chemical breath test that indicated Williams's BAC was .107% and statements she made regarding her consumption of alcohol and self-perceived level of intoxication that day.